*In the matter of the Application of* GEORGE THOMAS *for a Writ of Habeas Corpus.*

1. CITIES — *Liquor Traffic, Ordinance to Control.* The passage of the prohibitory liquor law by the state legislature does not prevent cities from enacting ordinances providing for the control of the liquor traffic within the limits of such cities.

2. ORDINANCE — *Surplusage in Title.* Where there is only one subject contained in the body of an ordinance, which is clearly expressed in its title, the fact that such title may contain surplusage will not render the ordinance obnoxious to the limitation providing that it shall not contain more than one subject, which shall be clearly expressed in its title.

3. ——— *Valid Ordinance.* An ordinance of the city of Lawrence prohibiting and restricting the liquor traffic examined, and *held* to be valid.

*Original Proceeding in Habeas Corpus.*

THE material facts appear in the opinion herein, filed July 6, 1894.

*H. B. Kelly*, for petitioner.

*A. G. Hager*, for respondent.

The opinion of the court was delivered by

JOHNSTON, J.: George Thomas was convicted of the violation of an ordinance of the city of Lawrence which was entitled "An ordinance to prohibit the manufacture and sale of intoxicating liquors, except for medical, scientific and mechanical purposes, and to regulate the manufacture and sale thereof for said excepted purposes." The punishment imposed was imprisonment in the jail of the city for 30 days, and the payment of a fine of $100. He applies for a discharge from the custody of the jailer, contending that his imprisonment is illegal. The grounds of illegality alleged are that the ordinance embraces two subjects, and that the title thereto does not afford an index to the subjects contained therein.

As will be observed, the title is broad, and substantially the same as the title to the prohibitory liquor law. (Laws of 1881, ch. 128.) It is contended that the ordinance and its title embrace both prohibition and regulation, and counsel for the petitioner ingeniously argues that these are independent and distinct subjects, and therefore in violation of the provision "that no ordinance shall contain more than one subject, which shall be clearly expressed in its title." (Gen. Stat. of 1889, ¶ 765.) The fact that the terms "prohibit" and "regulate" are not synonyms does not prove that two independent subjects are embraced in either the ordinance or its title. The limitation upon subjects in municipal or state legislation should not be construed in any narrow or technical sense. In such a case the title may be as broad and comprehensive as the legislative body may choose to make it, and

may embrace several minor subjects, providing all are so united as to form one comprehensive subject. It cannot be said that the ordinance in question embraces two independent subjects, having no connection with each other, but in a broad sense it is an enactment for the municipal control of the liquor traffic. (*The State v. Barrett*, 27 Kas. 213; *The State v. Curtis*, 29 id. 384; *Comm'rs of Cherokee Co. v. The State, ex rel.*, 36 id. 337; *The State, ex rel., v. Comm'rs of Haskell Co.*, 40 id. 65; *The State, ex rel., v. Sanders*, 42 id. 228; *The State, ex rel., v. Kansas City*, 50 id. 421; *Blaker v. Hood*, ante, p. 499.)

In the last case cited, an objection was made to the banking law upon the same ground. Its title is, "An act providing for the organization and regulation of banks, and prescribing penalties for violations of the provisions of this act." It was held that this was an enactment concerning the business of banking, and that all the provisions with reference to organization, regulation and prescribing penalties for violations of the act were fairly comprehended within that general subject. So here the general subject is the control and management of the liquor traffic, prohibiting the unlawful disposition of the same, as well as regulating that which may be lawfully disposed of. The fact that the state by its legislature has made provision prohibiting and restricting the liquor traffic does not prevent municipalities from enacting provisions for the control of the traffic within the limits of the same. (Gen. Stat. of 1889, ¶ 806; *Franklin v. Westfall*, 27 Kas. 614; *City of Topeka v. Myers*, 34 id. 500; *City of Topeka v. Zufall*, 40 id. 47; *Junction City v. Keeffe*, 40 id. 275; *Junction City v. Webb*, 44 id. 71; *Monroe v. City of Lawrence*, 44 id. 607.)

A close examination of the ordinance in question shows that it contains no provisions which attempt to regulate the manufacture or sale of intoxicating liquors, and hence, if prohibition and regulation were interpreted as distinct subjects, the ordinance would not be subject to the objection made against it. The fact that the title may contain surplusage does not render it obnoxious to the limitation. The first

part of the title, prohibiting the manufacture and sale of intoxicating liquors, except for medical, scientific and mechanical purposes, is sufficiently broad to embrace all that is contained in the ordinance; and, as the title indicates everything in the body of the ordinance, no one can be misled by the surplusage which it may contain. As before stated, however, we are inclined to the opinion that even the title does not contain two independent subjects. Having determined that the ordinance is valid, the prayer of the petitioner for release from custody must be denied.

All the Justices concurring.