No. 46,382

LEAVENWORTH CLUB OWNERS ASSOCIATION, et al., *Appellants*, v. RALPH ATCHISON, et al., *Appellees*.

(492 P. 2d 183)

Opinion filed December 11, 1971.

*Robert W. Hedrick*, of Leavenworth, argued the cause and was on the brief for the appellants.

*Robert D. Beall*, City Attorney, argued the cause, and *Patrick J. Reardon*, County Attorney, was with him on the brief for the appellees.

*Wright W. Crummett* and *Frank A. Bien*, both of Topeka, were on the brief *amicus curiæ*.

The opinion of the court was delivered by

FONTRON, J.: This action is brought by Leavenworth Club Owners Association and by twelve of its individual members who have been issued private club licenses under the provisions of K. S. A.

1971 Supp. 41-2605. The purpose of the lawsuit is to enjoin the enforcement of a Leavenworth city ordinance designated as Charter Ordinance Number 8. The defendants are certain city and county officers. The district court upheld the ordinance as being valid and the plaintiffs have appealed. We shall refer to the parties as plaintiffs and defendants respectively.

So far as pertinent the ordinance in question reads:

". . . No Club License[d] Hereunder shall Allow the serving, mixing, or consumption of alcoholic liquor on its premises between the hours of 01:30 A. M. and 09:00 A. M. on any day other than a Sunday, nor between the hours of 01:30 A. M. and Twelve (12) noon on Sunday."

It is alleged by plaintiffs that this ordinance conflicts with K. S. A. 1971 Supp. 41-2614 which provides:

"No club licensed hereunder shall allow the serving, mixing or consumption of alcoholic liquor on its premises between the hours of 3 a. m. and 9 a. m. on any day other than a Sunday nor between the hours of 3 a. m. and 12 noon on a Sunday."

It is to be noted that the language is identical in both ordinance and statute with the single exception that the serving, mixing or consumption of alcoholic liquors is not allowed after 1:30 a. m. under the ordinance, while the same is not allowed after 3 a. m. under the statute.

Because of the time differential, the plaintiffs contend the ordinance conflicts with and is contrary to the statute. This is the issue raised in their petition. Hence, the plaintiffs reason, the ordinance is void and they point to K. S. A. 1971 Supp. 41-2631 which provides in substance that no city shall enact an ordinance in conflict with or contrary to the provisions of the private club act, but that the section shall not be construed as preventing a city from enacting ordinances declaring acts prohibited by the private club law as being unlawful in the city.

Underlying the plaintiffs' argument is the assumption, implicit in the allegations of their petition, that the statute confers the right on a private club licensee to serve alcoholic drinks, and permit its patrons to quaff the same, until 3 a. m. The petition alleges that 41-2614 provides that private clubs *can* remain open until 3 a. m. This construction of the statute is belied by the language of the statute itself; the wording is that no club licensed (under the act) shall allow the serving, mixing or consumption of alcoholic liquor on its premises *between* the hours of 3 a. m. and 9 a. m. or, on Sundays, 3 a. m. and noon.

In response to the claim that the ordinance is invalid the defendants pose two defenses: First, that the ordinance does not conflict with 41-2614 but that it is a reasonable exercise of the city's police power. In this connection the defendants maintain that the statute grants no rights to a club licensee but simply restricts or limits the hours of operation; and that the ordinance, far from conflicting with the statute, merely adds another dimension to the limitations imposed thereby. Secondly, the defendants contend that even though the ordinance conflicts with the statute, it is nevertheless a valid enactment under the Home Rule Amendment to the Kansas Constitution. (Article 12, § 5.)

As a statement of general law, it may be said that where an ordinance is repugnant to the statutes of a state, or to regulations having the force and effect of state law, the latter must prevail. (*Trimble v. City of Topeka,* 147 Kan. 111, 75 P. 2d 241; *Ash v. Gibson,* 146 Kan. 756, 74 P. 2d 136; *City of Beloit v. Lamborn,* 182 Kan. 288, 321 P. 2d 177.) It is equally clear, we believe, that a city in the exercise of the police power may enact ordinances which regulate and restrict activities in the interest of the health, safety and welfare of its citizens. This power extends, so it has been held, to the regulation of matters relating to alcoholic liquor. (In re *Thomas, Petitioner,* 53 Kan. 659, 37 Pac. 171; *Kansas City v. Jordan,* 99 Kan. 814, 163 Pac. 188.)

Proceeding to the point at issue, as it is joined by the pleadings, the question is: Does Ordinance Number 8 conflict with the provisions of K. S. A. 41-2614? We think not, when it is measured by the generally prevailing rule expressed in 62 C. J. S., Municipal Corporations, § 143 (3), p. 293:

"As a general rule, a municipal regulation which is merely additional to that of the state law does not create a conflict therewith. Where the legislature has assumed to regulate a given course of conduct by prohibitory enactments, a municipal corporation may make such additional reasonable regulations in aid and furtherance of the purpose of the general law as may seem appropriate to the necessities of the particular locality. The fact that an ordinance enlarges on the provisions of a statute by requiring more than the statute requires creates no conflict therewith unless the statute limits the requirements for all cases to its own prescriptions. . . ."

The same principle is expressed in slightly different phraseology and emphasis in 56 Am. Jur. 2d, Municipal Corporations, Etc., § 374, pp. 408, 409:

"The mere fact that the state, in the exercise of the police power, has made certain regulations does not prohibit a municipality from exacting additional

requirements. So long as there is no conflict between the two, and the requirements of the municipal ordinance are not in themselves pernicious, as being unreasonable or discriminatory, both will stand. The fact that an ordinance enlarges upon the provisions of a statute by requiring more than the statute requires creates no conflict therewith unless the statute limits the requirement for all cases to its own prescription. Thus, where both an ordinance and a statute are prohibitory, and the only difference between them is that the ordinance goes further in its prohibition but not counter to the prohibition under the statute, and the municipality does not attempt to authorize by the ordinance what the legislature has forbidden or forbid what the legislature has expressly licensed, authorized, or required, there is nothing contradictory between the provisions of the statute and the ordinance because of which they cannot coexist and be effective. Unless legislative provisions are contradictory in the sense that they cannot coexist, they are not deemed inconsistent because of mere lack of uniformity in detail."

The pronouncements of this court are in agreement with the prevailing rule. A case frequently cited is *Kansas City v. Henre,* 96 Kan. 794, 153 Pac. 548, where the city in adopting a milk ordinance fixed 'a higher standard than that required by the state. In upholding the ordinance as being a valid exercise of the city's power to protect the health of its inhabitants, the court made this pronouncement:

". . . It is well settled in this state that where power is conferred upon cities to enact ordinances for the preservation of peace and good order within the city or for the preservation of the health of its inhabitants it may be exercised although the legislature has provided state regulations on the same subjects. . . . A city may not by ordinance authorize that which a statute prohibits nor punish the doing of an act which the statute expressly authorizes, but, as we have seen, it is competent for a city, under the authority of the legislature, to provide that an act shall be an offense against the authority of the city although the same act is made an offense against the state. An ordinance enacted in the exercise of the police power is not necessarily inconsistent with a state law on the same subject because the city provides for greater restrictions or makes higher standards than is provided or made by the statute. . . ." (pp. 796, 797.)

See, also, *Walker v. Railway Co.,* 95 Kan. 702, 149 Pac. 677.

In *City of Beloit v. Lamborn,* supra, also a milk ordinance case, the ordinance was challenged on the premise that it conflicted with state statutes governing the same subject matter. In addressing itself to this topic the court said:

". . . An ordinance enacted in the exercise of police power is not necessarily inconsistent with a state law on the same subject simply because the city provides higher standards than those provided by the statute. (*Kansas City v. Henre,* supra, 797.) An ordinance may not ignore the state's regulatory acts,

nor deny rights granted by the state, nor grant rights denied by the state so as to nullify the state law (*Trimble v. City of Topeka,* 147 Kan. 111, 75 P. 2d 241); but we have declared many times that a city by ordinance may extend regulation beyond the limits of general state statutes dealing with the same subjects. (*Kansas City v. Henre,* supra; *Garden City v. Legg,* 126 Kan. 569, 268 Pac. 827; *State v. Reynolds,* 152 Kan. 762, 107 P. 2d 728; *City of Garden City v. Miller,* 181 Kan. 360, 311 P. 2d 306.) It may be necessary in a congested district such as a city to make stricter regulations than are made and enforced by statute for the state at large. (*Kansas City v. Henre,* supra, 797, 798; *Ash v. Gibson,* 145 Kan. 825, 67 P. 2d 1101.)" (pp. 292, 293.)

The rule is stated similarly in *Clemons v. Wilson,* 151 Kan. 250, 98 P. 2d 423, where the issue narrowed down to whether an ordinance making it illegal to *possess* gambling devices was in conflict with a statute declaring it to be a nuisance *to set up* gambling devices. In the course of its opinion, determining that no conflict existed, the court employed this language:

". . . The fact that the legislature made places where gambling devices are set up nuisances did not prohibit the cities from going further and making their possession an offense. The statute just did not go as far as the ordinance did, that is all. The reasoning in the case of *City of Kansas City v. Henre,* supra, is in point here. . . ." (p. 256.)

Does the ordinance enacted by the city of Leavenworth constitute a reasonable exercise of the police power? This question, in our opinion, requires an affirmative answer.

In the course of its opinion in *City of Beloit v. Lamborn,* supra, this court noted that in areas of congestion it may be necessary to enact stricter limitations than for the state at large where, we may be permitted to add, rural areas predominate.

We take judicial notice that Leavenworth is a city of the first class with a population exceeding 25,000 and with a military post of ancient and honorable lineage seated on its doorstep. The problems which arise from the serving of alcoholic beverages to thirsty patrons unto the wee hours of the morning may well be more numerous, more disturbing and more acute in Leavenworth than the problems encountered in more rural and placid communities.

If what we have sometimes heard is correct, conviviality tends to expand as the hours grow later and the bottle completes its rounds more often. The later it becomes in those precincts where spirituous drinks are purveyed and consumed, the greater may be the likelihood, it would seem logical to expect, that disturbances would develop and the long road home be fraught with greater peril.

In our opinion, the ordinance in question is a valid and reasonable exercise of the police power, and hence it was not necessary that it be enacted as a charter ordinance. This much, in fact, was conceded by the city in oral argument as well as by *amicus curiae*, in its brief. Despite such concessions, however, we are asked, nay urged, to consider the Home Rule Amendment as it applies to the validity of the ordinance.

It would be inadvisable, in our opinion, to delve into that issue here. We deem the ordinance valid whether or not its enactment comes within the authority granted by the Home Rule Amendment. To go further at this time would be to indulge in dicta. This is not the occasion for a treatise construing article 12, § 5 and defining the powers bestowed thereby upon Kansas municipalities.

The judgment of the trial court is affirmed.

O'CONNOR and PRAGER, JJ., not participating.