**D.N. HADDENHAM, d/b/a B & D Distributors, Appellant (Plaintiff),**

v.

**The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF CARBON, Appellee (Defendant).**

**No. 83–174.**

Supreme Court of Wyoming.

April 11, 1984.

Edwin V. Newcomer of Schaefer & Newcomer, Laramie, for appellant.

K. Craig Williams, Deputy County and Pros. Atty., Carbon County, Rawlins, for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

ROONEY, Chief Justice.

Appellant appeals from a denial of his request for a judgment declaring unenforceable a resolution [1] by appellee containing a more comprehensive restriction on the sale of fireworks than is contained in the state statutes.[2]

---

1. Resolution No. 1981–8 adopted provisions of the Uniform Fire Code, which in effect barred possession, sale, etc., of fireworks and which defined fireworks as follows:

"Fireworks is any combustible or explosive composition, or any substance or combination of substances, or device prepared for the purpose of producing a visible or an audible effect by combustion, explosion, deflagration or detonation, and shall include blank cartridges, toy pistols, toy cannons, toy canes or toy guns in which explosives are used, firecrackers, torpedoes, sky-rockets, Roman candles, Daygo bombs, sparklers or other devices of like construction and any devices containing any explosive or flammable compound, or any tablet or other device containing an explosive substance, except that the term 'fireworks' shall not include any auto flares, paper caps containing not in excess of an average of twenty-five hundredths of a grain of explosive content per cap and toy pistols, toy canes, toy guns or other devices for use of such caps, the sale and use of which shall be permitted at all times."

2. By statute, Wyoming prohibits possession, sale, etc., of fireworks, which are defined as follows in § 35–10–201, W.S.1977, Cum.Supp. 1983:

We affirm.

Appellant is in the business of selling fireworks at retail. He was able to carry on such business in Carbon County under the state statutes inasmuch as sale of only the larger fireworks is prohibited by such statutes. He could not do so under the resolution adopted by appellee. He words the issues on appeal as follows:

A. "HAS THE STATE OF WYOMING PREMPTED [sic] THE BOARD OF COUNTY COMMISSIONERS OF CARBON COUNTY FROM PASSING LEGISLATION CONCERNING FIREWORKS?"

B. "IS THERE A CONFLICT BETWEEN 'FIREWORKS' AS DEFINED BY THE UNIFORM FIRE CODE AND ADOPTED BY THE BOARD OF COUNTY COMMISSIONERS OF CARBON COUNTY AND 'FIREWORKS' AS DEFINED BY THE STATE LEGISLATURE IN WYOMING STATUTE SECTION 35–10–201(a) AMENDED 1983?"

## PREEMPTION

In his Decision Letter in this case, the district court judge (the Honorable Arthur T. Hanscum) properly stated the law on this issue as follows:

" * * * It is generally recognized that a local government may pass laws which go beyond a state statute governing the same subject as long as the local law is not in direct conflict with the statute and the legislature has not preempted the regulation of the field. The mere fact that the local law goes beyond the state statute, in requiring more than the statute, is permissible as long as the two can co-exist together and the local law does not contravene the intent and purpose of the statute.

* * * * * *

" * * * [T]he general rule is that where a local law merely enlarges upon the provisions of a state statute by having stricter requirements than the statute, there is no conflict between the two where the legislature has not preempted regulation of the field. That is the case here. The Board of County Commissioners of Carbon County has passed a resolution banning the sale or possession of fireworks in the county. The resolution merely goes beyond the requirements of state law on the subject and there is clearly no state preemption in the field. Absent such a showing, the resolution must be allowed to stand."

In support thereof the trial judge quoted from or summarized the following cases: *Broward County v. Fort Lauderdale Christian School,* Fla.App., 366 So.2d 1264 (1979); *Klimek v. Town of Ghent, Columbia County,* 71 A.D.2d 359, 423 N.Y.S.2d 517 (1979); *Belle v. Town Board of Town of Onondaga,* 61 A.D.2d 352, 402 N.Y.S.2d 677 (1978); *Junction City v. Lee,* 216 Kan. 495, 532 P.2d 1292 (1975); *Leavenworth Club Owners Association v. Atchison,* 208 Kan. 318, 492 P.2d 183, 51 A.L.R.3d 1054 (1971); *City of Hobbs v. Biswell,* 81 N.M. 778, 473 P.2d 917 (App.1970). He quoted the following from 56 Am.Jur.2d, Municipal Corporations, Counties and Other Political Subdivisions, § 374, in summary of the issue:

" 'The mere fact that the state, in the exercise of the police power, has made certain regulations does not prohibit a municipality from exacting additional requirements. So long as there is no conflict between the two, and the requirements of the municipal ordinance are not in themselves pernicious, as being unreasonable or discriminatory, both will stand. *The fact that an ordinance enlarges upon the provisions of a statute*

" 'Fireworks' means any article, device or substance prepared for the primary purpose of producing a visual or auditory sensation by combustion, explosion, deflagration or detonation including without limitation, the following articles and devices commonly known and used as fireworks, toy cannons or toy canes in which explosives are used, blank cartridges, firecrackers, torpedoes, skyrockets and Roman candles. Fireworks shall not include any item which may be sold or offered for sale under 15 U.S.C. § 1261, 21 U.S.C. § 371 and 16 C.F.R., Commercial Practices, part 1507."

*by requiring more than the statute requires creates no conflict therewith unless the statute limits the requirement for all cases to its own prescription. Thus, where both an ordinance and a statute are prohibitory, and the only difference between them is that the ordinance goes further in its prohibition but not counter to the prohibition under the statute,* and the municipality does not attempt to authorize by the ordinance what the legislature has forbidden or forbid when the legislature has expressly licensed, authorized, or required, *there is nothing contradictory between the provisions of the statute and the ordinance because of which they cannot coexist and be effective.* Unless legislative provisions are not contradictory in the sense that they cannot coexist, they are not deemed inconsistent because of mere lack of uniformity in detail.' * * * (Emphasis supplied.)"

In *Haddenham v. City of Laramie,* Wyo., 648 P.2d 551 (1982), we confirmed the authority of a city to pass an ordinance more restrictive, with reference to sale, etc., of fireworks, than the state statute. We said at page 554:

" * * * The Ordinance is not subject to, subordinate to or subservient to §§ 35–10–201 through 35–10–207. *It concerns that deliberately excluded from such sections.* * * * " (Emphasis added.)

█ Although appellant's argument is directed at preemption and, thus, accepts the premise that appellee had the power to adopt the resolution, we note that a county is a political or civil division of the state created to aid in the administration of government and is not a sovereign entity, *State v. Board of County Commissioners of Johnson County,* Wyo., 642 P.2d 456 (1982), and that they have only the powers expressly granted by statute or reasonably implied from powers granted. *Hyde v. Board of Commissioners of Converse County,* 47 Wyo. 101, 31 P.2d 75 (1934).

█ The statutes have either expressly granted the power to counties to control fires and fireworks for public health and safety, or such may reasonably be implied from that which is granted. Section 18–2–101(a)(v), W.S.1977, authorizes counties to "exercise other powers as provided by law." Section 18–3–509, W.S.1977, authorizes the board of county commissioners to provide fire protection for persons and property within the boundaries of the county. In 1973, the legislature established the Department of Fire Prevention and Electrical Safety and gave it the power to, among other things, adopt rules and regulations to provide standards for fire prevention. Sections 35–9–101 through 35–9–140, W.S. 1977. Section 35–9–110(a) specifically directs adoption of rules and regulations to:

"(vi) Allow any municipality or county to adopt and enforce local minimum fire prevention and building energy conservation standards which are not less stringent than state standards or enforce state standards."

Recognition of power in the board of county commissioners to control fireworks is also implied from the authorization given it to:

" * * * grant permits, within the area under its jurisdiction, for supervised public displays of fireworks by individuals, municipalities, amusement parks and other organizations and groups, and to adopt reasonable rules and regulations for the granting of such permits. * * * " Section 35–10–203(a), W.S.1977.

The state statutes did not prevent appellee from adopting the fireworks resolution.

### STATUTORY CONFLICT

█ Appellant argues that inasmuch as the Department of Fire Prevention and Electrical Safety (a state agency) adopted the Uniform Fire Code which defines fireworks more stringently than does § 35–10–201, there exists a conflict in state law.

We have already noted that appellee's resolution adopted the definition of fireworks as set out in the Uniform Fire Code. If there is indeed a conflict in state law, between the Uniform Fire Code and § 35–10–201, it would not be relevant to the

disposition of this case. Appellee's resolution is valid under either the Uniform Fire Code or § 35–10–201, the former because they are identical, the latter because of the reasons stated above.

■ Appellant cites no law, other than the statutes themselves, in connection with this argument. We do not consider or respond to issues alleging error which are not supported by cogent argument and proper citation of authority or which are not clearly defined. *Knadler v. Adams,* Wyo., 661 P.2d 1052 (1983); *Young v. Hawks,* Wyo., 624 P.2d 235 (1981).

Affirmed.