Wayne GUEKE & the Wyoming
Pyrotechnic Association,
Petitioners,

v.

The BOARD OF COUNTY COMMIS-
SIONERS FOR TETON COUNTY,
Respondent.

No. 86–115.

Supreme Court of Wyoming.

Nov. 13, 1986.

Rehearing Denied Dec. 4, 1986.

Rodger McDaniel, Terry J. Harris and Julie Nye Tiedeken of Southeast Wyoming Law Offices, Cheyenne, for petitioners.

Paul O. Vaughn, Deputy County & Pros. Atty. of Teton County, Jackson, for respondent.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Justice.

This case involves an administrative appeal certified to us pursuant to Rule 12.09, Wyoming Rules of Appellate Procedure. Appellants Wayne Gueke and the Wyoming Pyrotechnic Association filed a petition to review a resolution adopted by appellee Board of County Commissioners for Teton County which banned the sale and use of fireworks in Teton County.

Appellants raise the following issues: "Was the appellee's September 17, 1985, ban on fireworks in Teton County unlawful in that such action:

"1. conflicts with state statute;

"2. exceeds appellee's authority; or,

"3. amounts to an unconstitutional violation of appellant's right to due process?"

We will affirm.

On September 17, 1985, appellee Board of County Commissioners for Teton County adopted Article 78 of the Uniform Fire Code banning fireworks within Teton County. Article 78 provides that it is unlawful for any person to " * * * possess, store, to offer for sale, expose for sale, sell at retail or use or explode any fireworks * * *." UFC § 78.102(b). "Fireworks" are defined in the Uniform Fire Code as

"* * * any combustible or explosive composition, or any substance or combination of substances, or device prepared for the purpose of producing a visible or an audible effect by combustion, explosion, deflagration or detonation, and shall include blank cartridges, toy pistols, toy cannons, toy canes or toy guns in which explosives are used, firecrackers, torpedoes, sky-rockets, Roman candles, Daygo bombs, sparklers or other devices of like construction and any devices containing any explosive or flammable compound, or any tablet or other device containing any explosive substance, except that the term 'fireworks' shall not include any auto flares, paper caps containing not in excess of an average of twenty-five hundreths of a grain of explosive content per cap and toy pistols, toy canes, toy guns or other devices for use of such caps, the sale and use of which shall be permitted at all times."

It should be noted that the county's resolution is not a total prohibition on fireworks. Approximately 97 percent of the land in Teton County is under federal ownership or control. This includes Grand Teton and Yellowstone National Parks, national forest lands, as well as lands administered by the Department of Fish and Wildlife Service such as the Jackson Hole National Elk Refuge. All fireworks are banned in the national parks and on all forest service lands. 36 CFR 2.38(b); 36 CFR 261.52(f). Furthermore, all fireworks are banned in the National Elk Refuge. 50 CFR 27.41.

The only incorporated town or city within Teton County is the Town of Jackson. All fireworks, except caps and sparklers, are prohibited within the Town of Jackson pursuant to the provisions of Chapter 8.20 of the Municipal Code of Jackson.

We will consider all of appellants' issues together. The sale and use of fireworks in Wyoming is covered by §§ 35–10–201 through 35–10–207, W.S.1977. The act expressly provides that municipalities are free to enact further restrictions upon the sale and use of fireworks within city limits:

"This act [§§ 35–10–201 to 35–10–207] shall not be construed to prohibit the imposition by municipal ordinance of further regulations or prohibitions upon the sale, use and possession of fireworks within the corporate limits of any city or town, but no such city or town shall permit or authorize the sale, use, or possession of any fireworks in violation of this act." § 35–10–205, W.S.1977.

In *Haddenham v. City of Laramie,* Wyo., 648 P.2d 551, 554 (1982), we recognized the authority of a municipality to enact stricter regulations upon the sale and use of fireworks within the corporate limits of a city as well as "within a given distance thereof." We stated:

"The City was authorized by § 35–10–205 to ordain a provision more restrictive than that provided by state law relative to the use, sale, etc., of fireworks. The 'within the corporate limits' of the city limitation contained in such section was amended by § 15–1–103(a)(xxviii) to authorize application of the Ordinance to an area 'within a given distance' of the City limits. Considering the statutes in pari materia the 'given distance' intended by the legislature was that set forth in § 15–3–202(b)(i), W.S.1977, i.e., 'five (5) miles * * * for the enforcement of health * * * ordinance and regulation thereof.'" Id., at 556.

In the second Haddenham case, *Haddenham v. Board of County Commissioners of County of Carbon,* Wyo., 679 P.2d 429 (1984), (hereinafter Haddenham II), in a unanimous decision of this court, we held that a county had the authority to enact stricter regulations upon the sale of fireworks. Therein we quoted the district court's decision letter recognizing the general principle that a local governing entity may enact laws which contain more stringent provisions than a state statute governing the same topic if the area has not been preempted by state regulation.

"In his Decision Letter in this case, the district court judge (the Honorable Arthur T. Hanscum) properly stated the law on this issue as follows:

" ' * * * It is generally recognized that a local government may pass laws which go beyond a state statute governing the same subject as long as the local law is not in direct conflict with the statute and the legislature has not preempted the regulation of the field. The mere fact that the local law goes beyond the state statute, in requiring more than the statute, is permissible as long as the two can co-exist together and the local law does not contravene the intent and purpose of the statute.

\* \* \* \* \* \*

" ' * * * [T]he general rule is that where a local law merely enlarges upon the provisions of a state statute by having stricter requirements than the statute, there is no conflict between the two where the legislature has not preempted regulation of the field. That is the case here. The Board of County Commissioners of Carbon County has passed a resolution banning the sale or possession of fireworks in the county. The resolution merely goes beyond the requirements of state law on the subject and there is clearly no state preemption in the field. Absent such a showing, the resolution must be allowed to stand.' " *Haddenham II,* supra, at 430.

One authority has summed up the issue thusly:

" * * * *The fact that an ordinance enlarges upon the provisions of a statute by requiring more than the statute requires creates no conflict therewith unless the statute limits the requirement for all cases to its own prescription. Thus, where both an ordinance and a statute are prohibitory, and the only difference between them is that the ordinance goes further in its prohibition but not counter to the prohibition under the statute,* and the municipality does not attempt to authorize by the ordinance what the legislature has forbidden or forbid what the legislature has expressly licensed, authorized, or required, *there is nothing contradictory between the provision of the statute and the ordinance because of which they cannot coexist and be effective.* Unless legislative provisions are contradictory in the sense that they cannot coexist, they are not deemed inconsistent because of mere lack of uniformity in detail." (Emphasis added.) 56 Am. Jur.2d, Municipal Corporations, etc. § 374 (1971).

In the above context, "municipality" is used in a general sense and is also intended to include a county government: "In accordance with the board meaning of the word 'municipal,' and term 'municipal government' may properly be used in characterizing the government of a county." 56 Am.Jur.2d, Municipal Corporations, § 5.[1]

In *Junction City v. Lee,* 216 Kan. 495, 532 P.2d 1292 (1975), a city ordinance was challenged which prohibited certain uses of handguns and knives. The challenge was based in part on the ground that the state had preempted the field of weapons control through state regulatory statutes. The court found there was no state regulatory preemption since arms control is an area of cities' concern, and there is " * * * no impediment to the exercise of authority by a city through ordinance so long as there is no conflict in terms with state legislation and the state legislature has not preempted the field. * * * " Id., 532 P.2d at 1296. There was no expressed legislative intent to preempt regulation in weapons control, so the court found that the city had a valid interest in enacting further, more strict measures.

Even though the ordinance enacted in the *Junction City* case was more strict in its regulation of weapons than the state statute, the court nevertheless upheld the local law as valid and stated the following principles:

"A test frequently used to determine whether conflict in terms exists is wheth-

---

**1.** We do not intend to imply that the legislative authority of a municipality and a board of county commissioners is identical.

er the ordinance permits or licenses that which the statute forbids or prohibits that which the statute authorizes; if so, there is no conflict, but where both an ordinance and the statute are prohibitory and the only difference is that the ordinance goes further in its prohibition but not counter to the prohibition in the statute, and the city does not attempt to authorize by the ordinance that which the legislature has forbidden, or forbid that which the legislature has expressly authorized, there is no conflict (see 56 Am.Jur.2d, Municipal Corporations, Etc., § 374, p. 408–409). This court has applied the foregoing principles. In *City of Beloit v. Lamborn*, 182 Kan. 288, 321 P.2d 177 [1958], it held the mere fact that an ordinance provides for greater restrictions does not necessarily make it inconsistent or in conflict with the statute. * * * " Id., at 1297–1298.

In *Junction City v. Lee*, supra, the court referred to an earlier Kansas case, *Leavenworth Club Owners Association v. Atchison*, 208 Kan. 318, 492 P.2d 183, 51 A.L.R.3d 1054 (1971), where a city ordinance was upheld which required private clubs to close at 1:30 a.m. The applicable state law only required such clubs to close by 3:00 a.m. The Kansas Supreme Court there said:

"Where a municipal ordinance merely enlarges on the provisions of a statute by requiring more than is required by the statute, there is no conflict between the two unless the legislature has limited the requirements for all cases to its own prescription." Id., 492 P.2d at 184.

In Wyoming the board of county commissioners for any county has only those powers prescribed by law or reasonably implied therefrom. *Probasco v. Sikes*, 77 Wyo. 108, 307 P.2d 817 (1957); and *Hyde v. Board of Commissioners of Converse County*, 47 Wyo. 101, 31 P.2d 75 (1934). Sections 18–2–101(a)(v) and 18–3–504(a)(viii), W.S.1977, both provide that boards of county commissioners have the general power to perform duties prescribed by law. One of the duties of the commis-

sioners prescribed by law is to provide fire protection for the county under § 18–3–509, W.S.1977. There are further statutes covering fire protection for unincorporated cities and towns under §§ 35–9–405 and 35–9–406, W.S.1977, and protection of areas deemed in peril of extreme fire danger under §§ 35–9–301 through 35–9–304, W.S. 1977. Section 18–2–101(a)(v), W.S.1977, authorizes counties to "exercise other powers as provided by law."

The power of a board of county commissioners to control fireworks is implied from the authorization in § 35–10–203(a), W.S. 1977, which provides:

"Any governing body shall have the power to grant permits, within the area under its jurisdiction, for supervised public displays of fireworks by individuals, municipalities, amusement parks and other organizations and groups, and to adopt reasonable rules and regulations for the granting of such permits. * * * "

In furtherance of such duties, the Board of County Commissioners for Teton County passed a resolution banning the sale and use of fireworks in Teton County recognizing the fire danger, among others, associated with the use of fireworks. Admittedly, the resolution goes beyond the requirements of the state law on the same subject, §§ 35–10–201 through 35–10–207. As discussed above, the general principle of law is that where a local ordinance or resolution merely enlarges upon the provisions of a statute by requiring more than the statute, there is no conflict between the two unless the legislature has preempted regulation of the field. In the present case, it seems clear that the legislature has certainly not preempted regulation of fireworks since § 35–10–205 specifically authorizes a municipality to enact further regulations upon the sale, use and possession of fireworks. Therefore, it appears that the county resolution in question is a valid law restricting the sale and use of fireworks within Teton County even though it goes beyond the requirements of state law. It does not appear to be in conflict with state law, and there is no state preemption in the

field of fireworks regulation as evidenced by § 35–10–205. The resolution should be allowed to stand.

Appellants have asked that we overrule *Haddenham II*. We have received additional legislative history in this case, but no compelling reason has been shown why we should overrule *Haddenham II* at this time. There are occasions when departure from precedent is necessary to vindicate plain, obvious principles of law and remedy continued injustice. However, in the absence of such a showing, the doctrine of stare decisis constrains us to follow precedent and not disturb settled point. Cf., *Adkins v. Sky Blue, Inc.*, Wyo., 701 P.2d 549 (1985); and *McClellan v. Tottenhoff*, Wyo., 666 P.2d 408 (1983).

■ Appellants claim that if the purpose of the board in banning fireworks was to eliminate brush fires, then the action was "overly broad and amounts to a violation of appellants' constitutional right to due process * * *." In support of such argument, appellants cite one case, *Fincher v. Union*, 186 S.C. 232, 196 S.E. 1 (1938). That case found that it was unreasonable to require barbecue stands in residential areas to close during certain hours when "barbecue stands" included all lunch rooms, sandwich shops, or other eating houses, and "residential areas" included any place where two or more houses were located together.

Suffice it to say, that is not the situation here. We have already stated that the board's actions were in furtherance of its statutory duty to provide fire protection. Furthermore, the legislature authorized the adoption of the Uniform Fire Code, § 35–9–106, W.S.1977 (Cum.Supp 1986). The purpose of the Uniform Fire Code is the prevention of fires. In furtherance of such, the board specifically adopted § 78 of the Uniform Fire Code. The board heard evidence from local fire departments and others regarding the need to reduce or eliminate the fire hazard attendant upon the use of fireworks.

We find the resolution was a proper exercise of the board's authority.

Affirmed.

URBIGKIT, Justice, concurring.

I join with two members of the court in affirming the decision on the explicit basis of stare decisis. In no way can the essential controversy and critical issue be differentiated from *Haddenham II, Haddenham v. Board of County Commissioners of the County of Carbon*, Wyo., 679 P.2d 429 (1984), a case which is only two years old.

A matter of intrinsic philosophy is raised in that as a jurist I have no reluctance to vote for rehearing when a case is initially before this court. Thereafter, when that issue is once decided, stability of the law and propriety of acceding to legislative lawmaking mandate reluctance for reversal of a prior case in which I did not serve to either dissent or approve the decision. See *State v. Carter*, Wyo., 714 P.2d 1217, 1221 (1986), Urbigkit, J., dissenting. Having said this, it should also be understood that the extension to counties of implied police powers is neither recognized nor to be justified from this concurrence.

I do not agree with *Haddenham II*, and would have voted to the contrary if then on this court. However, the kind of imperative social problem or constitutional issue that should now justify reversal as to the particular issues involved, is not to be found in selling or not selling fireworks, which, after *Haddenham II*, I would now leave for the legislature to accept or change. In the hackneyed phraseology of numerous appellate discussions, "We do not now write with a clean slate." *Burnet v. Coronado Oil & Gas Company*, 285 U.S. 393, 52 S.Ct. 443, 76 L.Ed. 815 (1932); *Vasquez v. Hillery*, 474 U.S. ——, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986). See, however, *Kelley v. Rhoads*, 7 Wyo. 237, 51 P. 593, 605 (1898) ("after mature reflection and a profound sense of an imperative necessity").

On the substantive issues, excluding a reversal of the prior case, I would concur in

reasoning with the thoughtful, succinct and explicitly phrased dissent.

I specially concur in affirming the decision of the trial court.

MACY, Justice, dissenting, with whom CARDINE, Justice joins.

I dissent. This is an occasion when departure from precedent is necessary to vindicate plain, obvious principles of law and remedy continued injustice. *Haddenham II* is clearly wrong, and the continued application of the law of that case has caused a continued injustice in this case in the interest of stare decisis.

The county ordinance in this case, as well as the resolution in *Haddenham II*, contravenes not only the plain language of the state statutes pertaining to fireworks but also their intent and purpose. The statute permits the use of certain fireworks, and the county laws prohibit it. They cannot co-exist. This being the case, the county ordinance should be declared null and void.

I also do not agree that the term "municipality" is intended to include a county government in the context of this case or any other case. County and city governments should not be compared any more than apples and oranges, as it is fruitless.