Ken W. Strobel, City Attorney P.O. Box 39 Dodge City, Kansas 67801
Dear Mr. Strobel:
As city attorney you request our opinion concerning the validity of an ordinance that requires a retail liquor store license (in addition to the state license) which may then be suspended or revoked by the city for violation of a city ordinance prohibiting the sale of alcohol to minors.
A city ordinance should be permitted to stand unless an actual conflict exists between the ordinance and a statute, or unless the legislature has clearly preempted the field so as to preclude municipal action. McCarthyv. City of Leawood, 257 Kan. 566 (1995). Initially, we must determine whether state law preempts the area of liquor control so as to preclude a city from regulating in this area. In some states the complete and exclusive control of liquor traffic is placed in the state and cities are without authority to interfere with that control. McQuillin, MunicipalCorporations § 24.165 (3d ed.) However, a state may grant limited control to a city while retaining for itself general control over the sale or other business in alcohol. Id.
The Kansas liquor control act, K.S.A. 41-101 et seq., prohibits a person from manufacturing, distributing or selling alcoholic liquor or cereal malt beverages without a state license. K.S.A. 41-2702. For a qualified applicant, the director of alcoholic beverage control may issue a license to sell alcoholic liquor at retail in the original package within the corporate limits of those cities that either approved the 1948 amendment to article 15, section 10 of the Kansas constitution or have elected to allow the licensing of the sale of packaged alcoholic liquor. K.S.A. 41-301; 41-302. K.S.A. 41-208 provides, as follows:
 "The power to regulate all phases of the control of the manufacture, distribution, sale, possession, transportation and traffic in alcoholic liquor and the manufacture of beer regardless of its alcoholic content, except as specifically delegated in this act, is hereby vested exclusively in the state and shall be exercised as provided in this act. No city shall enact any ordinance in conflict with or contrary to the provisions of this act and any ordinance of any city in effect at the time this act takes effect or thereafter enacted which is in conflict with or contrary to the provisions of this act shall be null and void. Nothing contained in this section shall be construed as preventing any city from enacting ordinances declaring acts prohibited or made unlawful by this act as unlawful or prohibited in such city and prescribing penalties for violation thereof, but the minimum penalty in any such ordinance shall not exceed the minimum penalty prescribed by this act for the same violation, nor shall the maximum penalty in any such ordinance exceed the maximum penalty prescribed by this act for the same violation." (Emphasis added).
In Blue Star Supper Club, Inc. v. City of Wichita, 208 Kan. 731 (1972) the Supreme Court concluded that K.S.A. 41-208 gives to the state exclusive power to control and regulate the traffic in alcoholic liquor and the manufacture of beer.
 "It occurs to us that what the legislature intended by including the preemptive provisions of 41-208 as part of the liquor control act was to give the state exclusive power to control and regulate the traffic in alcoholic liquor and the manufacture of beer. To such end it was provided that the power to regulate and control the `manufacture, distribution, sale, possession, transportation and traffic in alcoholic liquor and the manufacture of beer regardless of its alcoholic content' should be vested exclusively in the state." (Emphasis added). Blue Star Supper Club, Inc., 208 Kan. at 733 (1972).
However, K.S.A. 41-208 allows cities to enact ordinances that do not conflict with the act as well as ordinances that penalize the same activities that are proscribed by the act provided that the minimum and maximum penalties do not exceed the penalties in the act.
The concept of preemption is that the state legislative scheme is so comprehensive that there is no room for additional local legislation regardless of whether the local legislation conflicts with the comprehensive legislative scheme.
 "The rule denying power to a local body when the state has preempted the field is a rule of necessity based upon the need to prevent dual regulation which would result in uncertainty and confusion; and whether the state has preempted the field to the exclusion of local legislation depends not only on the language of the statutes, but upon the purpose and scope of the legislative scheme." Missouri Pacific Railroad v. Board of Greeley County Commissioners, 231 Kan. 225, 228 (1982).
We conclude that K.S.A. 41-208 preempts the field of liquor control only in the areas of manufacture, distribution, sale, possession, transportation and traffic in alcoholic liquor and the manufacture of beer. Because K.S.A. 41-208 allows cities to enact ordinances that do not conflict with the act, the implication is that there are areas of liquor control that are not vested exclusively in the state, and, therefore, a city may regulate in those areas provided that such regulation does not conflict with the act. While the Kansas appellate courts have not delineated those areas it is our opinion that an ordinance requiring a retail liquor store license falls outside of the sphere of exclusive state control because it does not significantly affect liquor traffic.
We turn now to the issue of whether the ordinance at issue conflicts with the liquor control act. Conflict between an ordinance and a statute occurs when an ordinance permits that which a statute prohibits or prohibits that which a statute authorizes. McCarthy v. City of Leawood,257 Kan. 556 (1995). An ordinance which is merely additional to a requirement imposed by state law does not create such conflict.Leavenworth Club Owner's Association v. City of Atchison, 208 Kan. 318
(1971).
 "Where a municipal ordinance merely enlarges on the provisions of the statute by requiring more than is required by the statute, there is no conflict between the two unless the legislature has limited the requirements for all cases to its own prescription." Leavenworth Club Owner's Association, 208 Kan. at 320
(1971).
It is our opinion that requiring a city license in addition to a state license does not conflict with the act because the act does not prohibit such license. In fact, the liquor control act specifically allows a city to levy and collect an annual license tax which is in addition to the license fee paid to the state. K.S.A. 41-310. As far as a city's ability to revoke or suspend a city retail liquor store license for furnishing alcohol to a minor, we find no conflict in the act which also provides for suspension or revocation of a state license for the same act. K.S.A.21-3610; K.S.A. 1995 Supp. 41-346.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm