**STATE of Wyoming, ex rel., WYOMING WORKER'S COMPENSATION DIVISION, Appellant (Petitioner/Objector),**

v.

**Linda BARKER, Appellee (Respondent/Claimant).**

No. 97–243.

Supreme Court of Wyoming.

April 29, 1999.

William U. Hill, Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Assistant Attorney General, Representing Appellant. Argument presented by Mr. Haggerty.

Sharon M. Rose of Vehar, Beppler, Lavery & Rose, P.C., Evanston, Representing Appellee. Argument presented by Ms. Rose.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

LEHMAN, Chief Justice.

Linda Barker (Barker), Uinta County 4–H program coordinator, was injured in an auto accident after transporting two 4–H steers to Logan, Utah, for slaughter. Shortly after the accident, Barker's supervisor told her the accident was not covered by worker's compensation. Relying on this assertion, Barker did not file an accident report or a claim for benefits until two years later. A hearing examiner determined: (1) Barker's accident was work related, and (2) the Wyoming Worker's Compensation Division (Division) was estopped from denying coverage. We affirm the district court's order which affirmed the hearing examiner's decision.

### ISSUES

The Division presents the following issues for our review:

A. Was the Hearing Examiner's application of estoppel against the Division contrary to law?

B. Was the Hearing Examiner's conclusion that the Division suffered no prejudice contrary to law?

C. Was the award of benefits unsupported by substantial evidence?

Appellee, Linda Barker, rephrases the issues as follows:

A. Should the court overrule *Bauer v. State, ex rel., Wyoming Worker's Comp. Div.*, 695 P.2d 1048 (Wyo.1985)?

B. Was the hearing examiner's finding and conclusion that appellant was estopped from asserting the statute of limitations defense arbitrary and capricious, an abuse of discretion or otherwise not in accordance with law?

C. Was the hearing examiner's finding and conclusion that the lack of prejudice to the employer was imputed to the appellant arbitrary and capricious, an abuse of discretion or otherwise not in accordance with law?

D. Was the hearing examiner's finding and conclusion that appellee was injured while in the scope of her employment supported by substantial evidence?

### FACTS

On August 25, 1993, Barker hauled two steers from Evanston, Wyoming to Logan, Utah to be slaughtered, graded, and packed. Both steers were enrolled in the Uinta County 4–H market beef program, a program designed to teach youthful participants how to feed and care for market cattle. As part of the educational process, Barker has, over the years, endeavored to obtain grading information on each animal in the program. In doing so, Barker often utilized the volunteer services of Russ Reeder, a certified meat inspector who doubles as a meat cutting instructor at Utah State University in Logan. On the day of the accident, Reeder and his students slaughtered, graded, and packed the steers.

Due to limited county resources, Barker used her own pickup truck and trailer to transport the animals. After delivering the steers, Barker headed back to Evanston. On this ill-fated journey, two vehicles racing up Logan Canyon failed to negotiate a turn and both collided with Barker's truck. In addition to cuts and bruises, Barker sustained a broken sternum, a broken left ankle, a shattered right knee, and two herniated discs in her back.

Within days of the accident, Leanne Whitman, Barker's supervisor, visited Barker in the hospital and informed her that the accident would not be covered by worker's compensation. Earlier, Whitman and her supervisor had agreed that the accident was not work related. The two reached this conclu-

---

* Chief Justice at time of oral argument; retired November 2, 1998.

sion because the steers, although enrolled in the market beef program, belonged to Barker's sons.

Barker did not pursue a worker's compensation claim, instead relying on the other drivers' insurance. After about two years, however, Barker's insurance proceeds and accrued sick leave dwindled as she experienced continued difficulties resulting from her injuries. When Barker spoke with Uinta County Commissioner Wayne Asay about her predicament, Asay queried why Barker's injuries had not been covered by worker's compensation. Feeling that Barker had been misled by her supervisor, Asay encouraged her to file a claim. Barker filed her claim on October 17, 1995.

Predictably, the Division objected to Barker's claim for benefits as untimely. The Division alternatively maintained that no evidence established that Barker was injured "within the scope and course of employment." After a contested case hearing, the hearing examiner ruled the Division was estopped from raising either a statute of limitations defense or the accident report requirements of Wyo. Stat. Ann. § 27–14–502 (Michie 1991 Rpl.). The hearing examiner also found the accident had occurred in the course of Barker's employment, thus entitling her to coverage. The Division appealed to the district court, which affirmed the hearing examiner's decision. This appeal follows.

### STANDARD OF REVIEW

When considering an appeal from a district court's review of a hearing examiner's decision, we review the case as if it had come to us directly from the administrative agency. *Manning v. State ex rel. Worker's Compensation Div.*, 938 P.2d 870, 872–73 (Wyo.1997). Our review is limited to a determination of the matters specified in Wyo. Stat. Ann. § 16–3–114(c) (Michie 1997), which mandates that the reviewing court shall:

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

* * *

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

We afford respect and deference to a hearing examiner's findings of fact if they are supported by substantial evidence. *Haagensen v. State ex rel. Workers' Compensation Div.*, 949 P.2d 865, 867 (Wyo.1997). "Substantial evidence" is a term of art, best described as relevant evidence that a reasonable mind can accept as adequate to support an agency's conclusion. *Id.* In performing our substantial evidence review, we examine only the evidence which favors the prevailing party, allowing every favorable inference, while omitting consideration of any conflicting evidence. *Id.* Unlike its finding of facts, however, a hearing examiner's conclusions of law are afforded no special deference and will be affirmed only if truly in accord with law. *Id.* Barker's claim is governed by the laws in effect at the time of her injury. *Matter of Worker's Compensation Claim of Jacobs*, 924 P.2d 982, 984 (Wyo.1996).

### DISCUSSION

#### Estoppel

The record is clear that Barker did not file her claim for benefits within the one-year limitations period. See Wyo. Stat. Ann. § 27–14–503(a) (Michie 1991 Rpl.). The record is also clear that Barker did not file an accident report within ten days of the accident as required by Wyo. Stat. Ann. § 27–14–502(a) (Michie 1991 Rpl.). Because the employer had told Barker she was not entitled to coverage under the act, the hearing examiner concluded that the Division was estopped from relying on either the statute of limitations or the accident report requirement.

The Division contends the hearing examiner improperly extended this court's estoppel jurisprudence in precluding the Division from relying on the accident report requirement. Barker counters that this case falls squarely within the parameters of *Bauer v. State ex*

*rel. Worker's Compensation Div.,* 695 P.2d 1048 (Wyo.1985). In *Bauer,* the employer, the city of Saratoga, told the employee she was not entitled to worker's compensation benefits due to her part-time status. Relying on this information, the employee did not file a claim for benefits in a timely fashion. This court held that "the employer's misleading statements, although unintentional, were sufficient to constitute estoppel and prevent the employer and the state of Wyoming from invoking the statute of limitations as a defense." *Id.* at 1053.

The Division argues that enactment of § 27–14–502(c), which became effective July 1, 1987, has rendered *Bauer* obsolete. The Division urges that § 27–14–502(c) now provides the exclusive exception to the act's timing requirements and that Barker failed to prove the Division was not prejudiced by Barker's late filing. The Division further contends that upholding the hearing examiner's decision would render § 27–14–502(c) meaningless.

Subsection (c) of § 27–14–502 provides:

(c) Failure of the injured employee, any dependent or personal representative to report the accident to the employer and to file the report with the clerk of court in accordance with subsection (a) of this section is a presumption that the claim shall be denied. The presumption may be rebutted if the employee establishes by clear and convincing evidence a lack of prejudice to the employer or division in investigating the accident and in monitoring medical treatment.

As will be discussed later, the evidence establishes that Barker did not file an accident report within ten days for the same reason she did not file a claim within one year: she was told her injuries were not covered. If, as Barker was led to believe, her injuries were not covered, an accident report would be unnecessary. *See Curnow v. State, ex rel., Workers' Compensation Div.,* 899 P.2d 875, 877–78 (Wyo.1995) ("Injury" under § 27–14–502 means compensable injury, i.e., one covered by worker's compensation). It would be inconsistent to estop the Division from raising the statute of limitations while at the same time allowing it to

rely on the accident report requirement. Therefore, we hold that equitable estoppel may be invoked to prevent strict application of both the statute of limitations and the accident report requirement. With the Division estopped from invoking the accident report requirement, Barker was relieved from the burden of proving lack of prejudice under § 27–14–502(c).

We do not agree with the Division that our holding will render § 27–14–502(c) meaningless. This provision will still control except in rare situations where equitable estoppel is appropriate. *See Borelson v. Holiday Inn,* 911 P.2d 426 (Wyo.1996). The Division's fear that § 27–14–502(c) will be rendered meaningless is greatly exaggerated.

The Division also asserts that the case of *B–F Drilling, Inc. v. State ex rel., Workers' Safety and Compensation Div.,* 942 P.2d 392 (Wyo.1997) changed the law of estoppel in Wyoming. The Division relies on the following language from that case:

Estoppel arises only when a party, by acts, conduct or acquiescence causes another to change his position. It precludes a party who knows the truth from denying the assertion of any material fact with which he induced another to change his position where such other person is ignorant of the facts, had a right to rely upon the assertions, and suffers an injury.

942 P.2d at 397 (internal quotations and citations omitted).

According to the Division, this court now requires an act or some conduct by the party to be estopped. Since it was the employer, and not the Division, that told Barker the accident was not covered, the Division contends estoppel is inappropriate. However, the Division's argument ignores Wyo. Stat. Ann. § 27–14–607 (Michie 1991 Rpl.) which provides that the Division "shall in all respects have the same rights of defense as the employer." Relying on this statute's predecessor, the *Bauer* court stated, "Although the worker's compensation division of the state of Wyoming is granted rights as broad as those of the employer, there is nothing in the statute which confers greater rights or would permit the State to assert defenses not avail-

able to the employer." *Bauer,* 695 P.2d at 1053. The Division's argument was considered by this court in *Bauer,* where it was rejected. *Id.* at 1052–53

■ We turn next to the question whether the hearing examiner's application of estoppel against the Division was supported by substantial evidence. Although there is some conflict over the precise content of the conversation between Barker and her supervisor, our task is not to reweigh conflicting evidence, but only to examine the record to determine if substantial evidence supports the hearing examiner's conclusion. *Wyoming Steel & Fab Inc. v. Robles,* 882 P.2d 873, 876 (Wyo.1994). Barker, who was hospitalized at the time she spoke to Whitman, testified that Whitman told her she would not be covered by worker's compensation. This conversation occurred after Whitman consulted with her boss, who agreed that Barker's injuries were not work related. Further, Barker was unfamiliar with worker's compensation procedures. Although she had been injured on the job before, that injury had been handled by her employer's private insurer. In addition, Barker confirmed that there was no posting of worker's compensation procedures, contrary to Wyo. Stat. Ann. § 27–14–507 (Michie 1991 Rpl.). There is sufficient evidence to support the hearing examiner's use of estoppel against the Division.

■ The Division next contends that, because Barker had consulted an attorney, her reliance on Whitman's statements was not justified as a matter of law. However, the Division's argument is not supported by the record. Although Barker mentioned in passing that an attorney represented her in settling her insurance claim against the two drivers, nothing in the record establishes that Barker discussed worker's compensation matters with the attorney. Thus, the Division's claim is without merit.

Finally, the Division urges us to overrule *Bauer,* arguing that case is "no longer workable." Overruling prior case law is, of course, an endeavor this court approaches with caution.

We consider the doctrine of *stare decisis* to be an important principle which furthers the " 'evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process.' " *Cook v. State,* 841 P.2d 1345, 1353 (Wyo.1992) (quoting *Payne v. Tennessee,* 501 U.S. 808, 827, 111 S.Ct. 2597, 2609, 115 L.Ed.2d 720 (1991)).

Nevertheless, we should be willing to depart from precedent when it is necessary " 'to vindicate plain, obvious principles of law and remedy continued injustice.' " *Id.* (quoting *Gueke v. Board of County Commissioners,* 728 P.2d 167, 171 (Wyo. 1986)). When precedential decisions are no longer workable, or are poorly reasoned, we should not feel compelled to follow precedent. *Id. Stare decisis* is a policy doctrine and should not require automatic conformance to past decisions *Id.*

*Goodrich v. Stobbe,* 908 P.2d 416, 420 (Wyo. 1995) (quoting *Jones v. State,* 902 P.2d 686, 692–93 (Wyo.1995)).

There is no indication that overruling *Bauer* would remedy continued injustice. Quite the contrary, estoppel, when properly invoked, prevents injustice. Ten opinions from this court cite *Bauer,* but only four address estoppel claims. Of those four, in only one was the claimant successful. *See State ex rel. Workers' Compensation Div. v. Rivera,* 796 P.2d 447, 450 (Wyo.1990). Clearly, *Bauer* has neither encouraged employees to bypass the act's procedural requirements nor proved itself unworkable. We decline to overrule *Bauer.*

### Work–Related Injury

The Division argues that even if it was properly estopped from asserting the timing requirements of the act, Barker failed to prove she was "injured while at work in a place where her employer's business required her presence." More specifically, the Division argues that grading of beef is not a requirement of the 4–H market beef program and, even if it is, the steers belonged to Barker's sons, a sure indication that the trip

to Logan was personal and not in the course of employment.

 The Worker's Compensation Act provides compensation for injuries "arising out of and in the course of employment while at work * * * in places where the employer's business requires an employee's presence." Wyo. Stat. Ann. § 27–14–102(a)(xi) (Michie 1993 Cum.Supp.). In determining whether an injury is work related, the key question is whether the relationship between the injury and the employment is sufficient that the injury should be compensable. *Haagensen v. State, ex rel., Workers' Compensation Div.*, 949 P.2d at 867. A causal connection exists between the employee's injury and the course of employment when there is a nexus between the injury and some condition, activity, environment or requirement of the employment. *Id.* Whether or not an employee's injury occurred in the course of employment is a question of fact, subject to our substantial evidence standard of review. *DeWall v. State ex rel., Workers' Safety and Compensation Div.*, 960 P.2d 502, 503 (Wyo.1998).

 The choicest cuts from the evidence establish that Barker's injury was work related. While grading was not required for successful completion of the market beef program, Barker endeavored to obtain grading information on each animal in the program. With this information, the students could fine tune their feeding and care methods. A former 4–H coordinator testified that education is the primary purpose of the market beef program and grading information "complete[d] the education process."

Were it not for the educational benefits to be derived from the grading information, Barker would not have driven to Logan to have the steers slaughtered and graded. Indeed, grade information would not have been necessary because one of the steers had already been sold to a private party and the other was to be consumed by the Barker family. The Division tries to make hay with the fact that the steers belonged to Barker's sons. However, the record establishes that the steers were enrolled in the market beef program. The fact the steers belonged to Barker's sons is incidental to the purpose of the trip to Logan: to gather educational grading information for members of the market beef program. The record further establishes that hauling 4–H animals was one of Barker's job duties. Because the county did not own a trailer, she used her own truck and trailer. We hold that substantial evidence in the record supports the hearing examiner's finding that Barker suffered her injuries in the course of her employment.

### CONCLUSION

The hearing examiner properly estopped the Division from denying coverage to Barker for her work-related injuries. We affirm the district court's order which affirmed the hearing examiner's decision.