Thomas W. Groneman, Director Alcoholic Beverage Control Kansas Department of Revenue Docking State Office Building
915 SW Harrison Street Topeka, Kansas 66625
Dear Mr. Groneman:
You inquire whether a licensed beer distributor can sell cereal malt beverages (CMB) or furnish equipment[1] to individuals and businesses that hold a CMB license that does not conform to the requirements of the CMB statutes.[2]
Licensed beer distributors can sell CMB only to club and drinking establishments and "retailers licensed under K.S.A. 41-2702."[3]
Additionally, such distributors can, pursuant to the regulations of the Secretary of Revenue, supply furnishings, fixtures and equipment only to "[retailers] licensed . . . under K.S.A. 41-2702."[4] As beer distributors can only sell and furnish equipment to "retailers licensed under K.S.A. 41-2702," it is necessary to determine what this phrase means.
A "retailer" is a person who sells CMB for use or consumption and not for resale.[5] A person cannot sell cereal malt beverages without having "first obtained a valid license under . . . K.S.A. 41-2702."[6]
K.S.A. 41-2702 requires that a person who sells CMB secure a license from the governing body of a city or county where the business is located.[7] A license applicant submits a license fee to the appropriate governing body and submits a copy of the application and a $25 fee to the Director of Alcoholic Beverage Control (Director).[8] Upon receipt of the application, the Director authorizes a state stamp to be affixed to the license.[9] No retailer's license can be issued without this stamp.[10] Retailers' licenses are issued on an annual basis or for the calendar year.[11]
You indicate that some cities issue "special event" CMB licenses to individuals operating events lasting two or three days in order to accommodate individuals not interested in procuring a license for the entire calendar year. Our understanding is that the applicant goes through the same process that a retailer with a storefront uses to secure a calendar-year license, including obtaining a state stamp. The only difference is that the license indicates that it is for a shorter duration than a calendar year.
The problem with issuing a license that is for a period of time less than a calendar year is that a beer distributor can sell CMB and furnish equipment only to a "retailer licensed under K.S.A. 41-2702." Because licenses issued pursuant to K.S.A. 41-2702 can only be issued on an annual basis or for the calendar year, a beer distributor cannot sell CMB or furnish equipment to a person holding a license that was not issued on an annual basis or for the calendar year. This requirement is reinforced by virtue of the fact that a city governing body must notify beer distributors before April 1 if the license is not renewed, presumably so that the distributors know not to deliver to the retailer.[12]
This conclusion does not mean that a city is precluded from requiring individuals and entities to secure a city-issued "special event" license to sell CMB, in addition to the license required by the CMB statutes. Cities have home rule authority to "determine their local affairs" by enacting ordinary ordinances.[13] The fact that the state has an interest in regulating an activity such as CMB is no impediment to a city's exercise of authority provided there is no conflict with state law and the latter does not preempt a city from legislating in this area.[14]
With regard to preemption, the Kansas Supreme Court has concluded that the cereal malt beverage statutes do not preempt a city from enacting ordinances regulating CMB.[15] In determining whether requiring a special event CMB license conflicts with the cereal malt beverage statutes, the appellate courts have held that there is no conflict where an ordinance simply adds to or complements state law.[16] Applying this rationale, Attorney General Carla J. Stovall concluded that requiring a city license to sell alcoholic liquor in addition to a state liquor license did not conflict with the Liquor Control Act.[17]
While state law requires an annual license to sell CMB, it is silent regarding the sale of CMB during short-term events. Accordingly, a city desirous of regulating the sale of CMB at festivals, concerts, and other short-term events can impose reasonable requirements including licensure. However, beer distributors can only sell CMB and furnish equipment to individuals and entities licensed pursuant to the CMB statutes.
Sincerely,
 Steve Six Attorney General
 Mary Feighny Deputy Attorney General
SS:MF:jm
[1] E.g. refrigerated trailers, tapping trailers, tents.
[2] K.S.A. 41-2701 et seq.
[3] K.S.A. 2009 Supp. 41-307(c)(2).
[4] K.S.A. 2009 Supp. 41-703(a). Violations are punishable pursuant to K.S.A. 41-901.
[5] K.S.A. 2009 Supp. 41-2701(e).
[6] K.S.A. 41-901(a).
[7] K.S.A. 2009 Supp. 41-2702(a).
[8] K.S.A. 2009 Supp. 41-2702(d).
[9] Id.
[10] Id.
[11] K.S.A. 2009 Supp. 41-2703(d).
[12] K.S.A. 2009 Supp. 41-2703(d).
[13] Kan. Const., Art. 12, § 5.
[14] City of Junction City v. Lee, 216 Kan. 495, 498 (1975); Claflinv. Walsh, 212 Kan. 1 (1973).
[15] City of Lyons v. Suttle, 209 Kan. 735 (1972).
[16] Hutchinson Human Relations Comm'n. v. Midland Credit Management,Inc., 213 Kan. 308, 314 (1973); Leavenworth Club Owner's Assn. v. City ofAtchison, 208 Kan. 318 (1971).
[17] Attorney General Opinion No. 96-55.