### THE CITY OF HUMBOLDT v. H. M. McCOY.

CONSTITUTIONAL LAW; *City Ordinance.* The constitutional provision that "no bill shall contain more that one subject, which shall be clearly expressed in its title," has no application to city ordinances.

### *Appeal from Allen District Court.*

PROSECUTION for the violation of an ordinance of the city of Humboldt, requiring, in certain cases, a license to peddle merchandise in said city. At the November Term, 1878, the district court sustained the defendant's motion to quash the complaint filed against him, adjudged that the defendant be discharged from arrest and go hence without day, and that the city of Humboldt pay the costs. The plaintiff brings the case here.

*L. W. Keplinger,* for appellant.

*W. H. Slavens,* for appellee.

The opinion of the court was delivered by

BREWER, J.: The single question in this case is, whether section 16 of article 2 of the state constitution has any application to city ordinances. The section, so far as it concerns

this case, reads: "No bill shall contain more than one subject, which shall be clearly expressed in its title." The ordinance in question had no title. Was it therefore invalid? We think not. The constitution speaks solely of bills, and an ordinance is in none of the stages of its passage properly called a bill. It is a mere by-law of a corporation, whose power to act and modes of procedure are of legislative creation. The city council is, it is true, in a limited way, a legislative body, and endowed with certain powers of local legislation, but a constitutional provision directing and controlling the modes of procedure in the general legislature of the state, and prescribing the conditions of its valid action, was not intended for and does not apply to the procedure of the various local and subordinate bodies which it creates. The same question was presented to the supreme court of Indiana, and the same views expressed. (*Green v. Indianapolis*, 25 Ind. 490.)

The judgment of the district court will be reversed, and the case remanded, with instructions to overrule the motion to quash the complaint.

All the Justices concurring.