## The City of Iola v. J. W. Sugg.

### No. 529.*

CITIES *of the Third Class — Ordinances — Dog Tax.*  A city of
the third class may, within the limits of the city, require the
owner, keeper or harborer of any dog to register the name, to-
gether with the description of the dog, with the city clerk, and
to pay a reasonable tax, or license, for each dog, although the
dog so taxed, or licensed, may never have been permitted to run
at large.

Appeal from Allen district court; L. STILLWELL,
judge.   Opinion filed March 15, 1899.   Affirmed.

*J. F. Thompson*, city attorney, for appellee.
*Oscar Foust & Son*, for appellant.

The opinion of the court was delivered by

SCHOONOYER, J. :  The appellant was charged with
violating a city ordinance of the city of Iola, passed
while said city was a city of the third class.   The case
was submitted on an agreed statement of facts in the
court below, and the defendant was found guilty and
adjudged to pay a fine of one dollar.   He now appeals
to this court.

Section 64, chapter 38, General Statutes of 1897
(Gen. Stat. 1889, ¶ 977), provides :

"The council may also regulate and provide for
taxing the owners and harborers of dogs, and author-
ize the killing of dogs found at large contrary to any
ordinance regulating the same."

The particular section of the ordinance under which
the defendant was arrested is as follows :

"That no person shall be allowed to keep within

---

*Appealed to supreme court, and dismissed by that court No-
vember 11, 1899.—REP.

the limits of said city any dog or hybrid over three months old, unless said person shall comply with the following regulations, to wit: The owner, keeper or harborer of any dog or hybrid shall cause his or her name, with the name and description of such animal, to be registered with the city clerk in the dog register, and shall pay to the said city, on or before the 30th day of April, in each year, an annual tax of one dollar for each male dog and two dollars for each female dog or hybrid, and shall keep upon the neck of such animal so registered a metallic or leather collar, to which shall be kept attached a metallic check, to be furnished by the city, with the registry number, the letters ' D. T. P.' and the word ' Iola' stamped thereon ; provided, that the license may be issued for any fraction of a year, to expire on May 1 following, and the tax therefor shall be apportioned accordingly. Upon payment of the tax hereinbefore provided for and the clerk's fee for registering and license, the city clerk shall register the dog or hybrid for which the same is paid, and shall issue to the person paying the same a license for such animal ; and any person who shall keep, own and harbor any dog or hybrid in the city of Iola in violation of the provisions of this section shall be deemed guilty of a misdemeanor. . . .''

This complaint charges :

'' That defendant did then and there unlawfully keep, own and harbor a certain dog (a more particular description the affiant is unable to give), without having the name and description of such animal registered with the city clerk in the dog register, and without having paid the annual tax thereon, contrary to the provisions of the ordinance of said city made and provided.''

The case was submitted to the trial court on the following agreed statement of facts :

''*First*.—That on May 11, 1898, a complaint was filed in the police court of the city of Iola (a city of the second class), Allen county, Kansas, charging the

Iola v. Sugg.

defendant with 'on the 10th day of May, 1898, and before that time and after the 30th day of April, 1898, did keep, own and harbor a certain dog, etc., contrary to the provisions of the ordinance of said city made and provided.' Said complaint filed herein and made a part hereof.

"*Second.*—That on the same day, May 11, 1898, a warrant was issued on said complaint out of said court; that on May 13, 1898, a trial was had in said court, defendant found guilty, and sentenced to pay a fine of two dollars and costs of action, and defendant appeals to this court.

"*Third.*—That the ordinance under which said complaint was filed and warrant issued, trial had and defendant sentenced is ordinance No. 314, page 189, etc., passed by the council of said city, while it was a city of the third class, which said ordinance is referred to and made a part of this agreed statement of facts; and the clerk made the publication of notice to register as required by section No. 3 of said ordinance.

"*Fourth.*—It is agreed to be the fact that the defendant did own a dog over three months old, as described in complaint, on April 30, 1898, since then and now owns said dog; that he has continuously, since April 30, 1898, before then and now keeps said dog on his premises, in the city of Iola, aforesaid, keeps and always has kept said dog tied securely, and does not, nor has he ever, permitted him to run at large.

"*Fifth.*—It is further agreed that the defendant, prior to the filing of complaint herein, during the year 1898, did not register said dog in the office of the city clerk of the city of Iola, Allen county, Kansas, nor did he pay any tax on said dog prior to filing of complaint herein, for year 1898.

"On the part of plaintiff, it is claimed that under the aforesaid facts the defendant is guilty of a violation of said ordinance, and that the said ordinance is a constitutional and valid enactment.

"1. On the part of defendant, it is claimed that said ordinance is invalid and is in violation of the constitution of the state of Kansas and the constitution of he United States; and

532 '     KANSAS COURTS OF APPEALS.

"2. That even if the same is a valid ordinance, under the facts of the case this defendant is not guilty of violating same."

It is conceded by the appellant that the city may in a legal and proper manner regulate the running at large of dogs. It is also conceded that the city may tax dogs, if taxed as other personal property. It is admitted that the appellant was the owner of a dog that was never permitted to run at large, and the question presented is, Can a person who owns a dog that is kept confined on his premises be prosecuted for the violation of the ordinance?

In the ordinance complained of, two distinct offenses are created—one of keeping, owning and harboring a dog without complying with the provisions of the ordinance in regard to registration, and the other of permitting dogs to run at large without complying with the ordinance in such respects. The question in this case has not been directly passed on by the supreme court, but in our opinion the law as stated in the case of *The State, ex rel., v. City of Topeka*, 36 Kan. 76, 12 Pac. 310, may be extended to cover the objection raised by the appellant in this case.

It is further contended that the ordinance is invalid because it contained more than one subject, which subjects are not clearly expressed in its title. The ordinance was passed by the city council of the city of Iola while it was a city of the third class. The statute governing cities of the third class at the time the ordinance was passed provided that "the style of all ordinances shall be : ' Be it ordained by the mayor and councilmen of the city of ——.' " (Gen. Stat. 1889. ¶ 939 ; Gen. Stat. 1897, ch. 38, § 46.) The ordinance in controversy complies with the provision of the statute.

In the case of the *City of Cherokee v. Fox*, 34 Kan.
16, 7 Pac. 625, our supreme court said : "Nor is such
ordinance void for the reason that it has no title, when
in fact its title corresponds precisely with the require-
ments of the statute." See *City of Humboldt v. McCoy*,
23 Kan. 249.    The judgment of the district court is
affirmed.