### THE CITY OF TOPEKA v. FRANK RAYNOR.

**No. 11,369.*** (58 Pac. 557.)

1. CONSTITUTIONAL LAW—*City Ordinance.* The constitutional provision prohibiting any bill from containing more than one subject, which shall be expressed in the title, does not apply to city ordinances.

2. INTOXICATING LIQUORS—*City Ordinance.* An ordinance authorizing a police judge to issue a warrant against one maintaining a liquor nuisance "upon the filing of a complaint" is not repugnant to the statute prohibiting a police judge from issuing a warrant on a complaint that is not made on oath.

3. CONSTITUTIONAL LAW—*City Ordinance.* An ordinance providing that "all places where persons are permitted to resort for the

*This case was listed with the *per curiam* opinions in 60 Kan. It is now published in full because there seems to be some inquiry for the opinion. For opinion by the court of appeals, see 8 Kan. App. 279, 55 Pac. 509.—REP.

purpose of drinking intoxicating liquors as a beverage are common nuisances" is not repugnant to the constitutional provision that "all men are possessed of equal and inalienable natural rights, among which are life, liberty, and the pursuit of happiness."

Appeal from court of appeals, northern department; JOHN H. MAHAN, ABIJAH WELLS, and SAM'L W. MC-ELROY, judges.   Opinion filed October 7, 1899.   Dismissed.

*W. A. S. Bird*, city attorney, for appellee.

*J. S. Ensminger*, for appellant.

PER CURIAM: Appellant invokes the jurisdiction of this court as a matter of right.   He was convicted in the police court of the city of Topeka for the violation of an ordinance entitled "An ordinance defining and relating to common nuisances, and providing for the abatement of the same."   On appeal to the district court he was again convicted of the same charge, and the judgment of the district court was affirmed by the court of appeals.   Appellant can have no standing here unless the case involves the constitution of this state or of the United States.   He first contends that the ordinance which he was adjudged to have violated is void in that it contains more than one subject, in violation of section 109 ( Gen. Stat. 1897, ch. 32, § § 120, 121; Gen. Stat. 1899, § 909 ) of the charter of cities of the first class.   There is no constitutional provision relating to the title of ordinances.   The matter is regulated by statute.   No constitutional question is therefore involved in this contention of the appellant.   ( *City of Humboldt v. McCoy*, 23 Kan. 249.)

It is next asserted that that part of the ordinance providing for a search and seizure of the premises where intoxicating liquor is sold violates section 15 of

the bill of rights of the constitution. The record fails to show that in this proceeding the appellant's premises were searched or his property seized. The officer's return on the warrant simply shows that he executed the same by arresting Frank Raynor and bringing his body before the court.

There is no force in the contention that under the ordinance a warrant may issue upon a complaint not sworn to. While the ordinance provides that a warrant may issue "upon the filing of a complaint," section 139, chapter 32, General Statutes of 1897 (Gen. Stat. 1899, § 776), provides that the police judge shall only issue a warrant when complaint is made on oath or affirmation. Here the complaint was duly verified before it was filed.

Section 1 of the ordinance provides: "All places where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage are common nuisances." This, the appellant contends, violates section 1 of the bill of rights, which declares: "All men are possessed of equal and inalienable natural rights, among which are life, liberty, and the pursuit of happiness." This argument is without force and wholly wanting in authority. Cities have the power to pass such ordinances. (Gen. Stat. 1897, ch. 32, § 88; Gen. Stat. 1899, § 710; *Franklin v. Westfall*, 27 Kan. 614; *City of Topeka v. Myers*, 34 id. 500, 8 Pac. 726; *City of Topeka v. Zufall*, 40 id. 47, 19 Pac. 359; *Junction City v. Keeffe*, 40 id. 275, 19 Pac. 735; *Junction City v. Webb*, 44 id. 71, 23 Pac. 1073; *Monroe v. City of Lawrence*, 44 id. 607, 24 Pac. 1113.) The ordinance is a transcript of the state law and has been upheld as constitutional many times.

The other questions relate to questions of practice

Holton v. Bimrod.

and error in the instructions given by the court to the jury. We cannot consider these, there being no constitutional question involved in the case. The appeal and petition in error will be dismissed.