No. 47,949

GARTEN ENTERPRISES, INC., d/b/a DUSTY'S PLACE, *Appellant,* v. CITY OF KANSAS CITY, KANSAS, *Appellee.*

(549 P. 2d 864)

Opinion filed May 8, 1976.

*Edward M. Boyle,* of Payne and Jones, Chartered, of Olathe, argued the cause and was on the brief for the appellant.

*Daniel B. Denk,* assistant city attorney, argued the cause, and *Donald E. Martin,* city attorney, was with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: This is an appeal from a district court order upholding as valid a city ordinance regulating the hours for consumption of alcoholic beverages in private clubs and prescribing the times during which no person may remain on the premises of these clubs.

On November 12, 1974, the city of Kansas City enacted an ordinance making it unlawful for any private club, "as defined in K. S. A. 1971 Supp. 41-2601 (2) and (3)", to allow the serving, mixing or consumption of alcoholic liquor on its premises between the hours of 1:30 a. m. and 9:00 a. m on any day other than Sunday or between the hours of 1:30 a. m. and 12:00 o'clock noon on Sundays. The ordinance further made it unlawful for any private club to allow anyone to remain inside the club between the hours of 2:00 a. m. and 9:00 a. m. on any day other than Sunday or between the hours of 2:00 a. m. and 12:00 o'clock noon on Sundays.

Appellant Garten Enterprises, Inc., a corporation licensed as a class B club under our private club act (K. S. A. Chap. 41, Art. 26) filed its petition in the trial court contending that the ordinance was invalid and unreasonable. The parties stipulated there were no factual controversies and submitted the legal issues to the court. The court ruled the ordinance was valid and the matter is now here for review.

Under the heading of "technical defects" appellant challenges the ordinance in three respects. First it says the city's enactment is impermissibly vague and ambiguous because of its reference to K. S. A. 1971 Supp. 41-2601 (2) and (3) inasmuch as that statute had been amended at the time the ordinance was enacted. A municipal ordinance must be definite and certain so that an average person who reads it with due care can ascertain the particular act or course of conduct it proscribes (56 Am. Jur. 2d, Municipal Corporations, etc., § 367, pp. 394-395). The reference in the ordinance here to the 1971 statute was for the purpose of defining private clubs only, something which the subsequent amendment did not change in any essential way. The amendment had no bearing on appellant's ability to ascertain that its conduct was governed by the ordinance.

Appellant complains that the title to the ordinance is violative of article 2, section 16 of our state constitution providing that no bill shall contain more than one subject, which shall be clearly expressed in its title. This proviso is not applicable to city ordinances (*Topeka v. Raynor*, 61 Kan. 10, 58 Pac. 557); however, the legislature has established the same proscription with respect to them in K. S. A. 12-3004. The ordinance here is entitled "AN ORDINANCE relating to hours of operation of private clubs. . . ." Appellant's argument is that two subjects are covered since the ordinance regulates hours of operation by prohibiting consumption during certain times and it also prescribes times when no one is allowed on the premises.

The purposes of the constitutional section which is the exemplar for 12-3004 have been stated many times. They include the prevention of a matter of legislative merit from being tied to an unworthy matter, the prevention of hodge-podge or log-rolling legislation, the prevention of surreptitious legislation, and the lessening of improper influences which may result from intermixing objects of legislation in the same act which have no relation to each other. This court has held these purposes are fulfilled even though a city ordinance does not include in its title all the details of the provisions of the ordinance. It is sufficient if the title is broad enough to indicate in general terms the provisions of the ordinance (*Taneyhill v. Kansas City*, 133 Kan. 725, 728-729, 3 P. 2d 645). This principle is elaborated in 5 McQuillin on Municipal Corporations, § 16.19:

"The title of an ordinance suffices, and the ordinance is valid, where objects or matters germane to the single general subject expressed by the title are united in the ordinance. Stated somewhat differently, a subject may embrace many objects; the title may state the subject and the ordinance include the objects. The word 'subject' should be given a broad meaning so that all matters having a logical or natural connection are included.

"The title of an ordinance is a label and need only set forth its object, not its product. It is sufficient if it fairly advises the city council and the public of the real nature and subject matter of the legislation sought to be enacted, and if the minor features of the ordinance have a reasonable and natural connection with the subject named in the title. The title is not objectionable unless substantive matter entirely disconnected with the named legislation is included within the folds of the ordinance." (pp. 158-159.)

Here the provisions of the ordinance relate to the broad subject of the hours when private clubs within the city may be open and in operation. That purpose is adequately expressed in its title in sufficient compliance with K. S. A. 12-3004.

Appellant contends the ordinance is not uniform in its operation but does not specify in what respect the requisite uniformity is lacking. On its face the ordinance affects all private clubs the same. More need not be said on this score.

The trial court ruled the ordinance was not invalid either because of state law preemption of the field or conflict with state law by reason of the private club act (K. S. A. Chap. 41, Art. 26), this in reliance upon our holdings in *Leavenworth Club Owners Assn. v. Atchison*, 208 Kan. 318, 492 P. 2d 183, 51 A. L. R. 3d 1054, and *Blue Star Supper Club, Inc. v. City of Wichita*, 208 Kan. 731, 495 P. 2d 524.

The general rule on preemption is that legislative intent to reserve to the state exclusive jurisdiction to regulate an area must be clearly manifested by statute before it can be held that the state has withdrawn from the cities the power to regulate in the field (*City of Beloit v. Lamborn*, 182 Kan. 288, Syl. para. 2, 321 P. 2d 177; *City of Junction City v. Lee*, 216 Kan. 495, Syl. para. 9, 532 P. 2d 1292).

K. S. A. 41-2601, *et seq.*, as amended, provides for state licensing and regulation of private clubs. It is part of a comprehensive state plan for the regulation of the manufacture, distribution, possession, sale, transportation and consumption of alcoholic beverages in this state (K. S. A. 41-101, *et seq.*, Kansas liquor control act and K. S. A. 41-2701, *et seq.*, cereal malt beverages). K. S. A. 41-2614 prescribes the hours of operation of private clubs, prohibiting them from allowing the serving, mixing or consumption of alcoholic liquor on their premises between the hours of 3:00 a. m. and 9:00 a. m. on any day other than Sunday and between the hours of 3:00 a. m. and 12:00 o'clock noon on Sundays.

K. S. A. 41-208 provides that the power to regulate all phases of the control of the manufacture, distribution, sale, possession, transportation and traffic in alcoholic liquor and the manufacture of beer regardless of alcoholic content, except as specifically delegated in the act, is vested exclusively in the state. It further provides:

". . . No city shall enact any ordinance in conflict with or contrary to the provisions of this act and any ordinance of any city in effect at the time this act takes effect or thereafter enacted which is in conflict with or contrary to the provisions of this act shall be null and void. . . ."

Only this latter language is found in 41-2631. The legislature did not enact the first part—the preemptive provision in 41-208—into the private club act.

The issue whether a city is preempted from regulating the consumption and sale of alcoholic beverages because of state statutes in the area was decided adversely to appellant's contention in *Blue Star Supper Club, Inc. v. City of Wichita,* supra. There a city ordinance required that the premises of any private club be closed to members and to the public between certain hours. After ruling there was no conflict between the ordinance and the state law we examined the legislative history of K. S. A. 41-208, noting that it deals almost exclusively with the regulation of the *traffic* in alcoholic liquor and the manufacture of beer, while the main purpose of the private club law "is to regulate and control the *consumption* of alcoholic liquor, not the liquor traffic" (p. 734) (emphasis supplied); since the two acts serve different purposes the difference in the language between 41-208 and 41-2631 becomes crucial; both statutes contain the prohibition against city ordinances which *conflict* with the provisions of the state acts but only 41-208 contains the pre-emptive provision vesting exclusive control in the state to regulate the traffic of alcoholic beverages and the manufacture of beer. We noted the effect of the distinction as follows:

"In concluding that the regulation and control of the consumption of alcoholic liquor is not an area exclusively reserved by the state we believe it is significant that when the legislature adopted K. S. A. 1971 Supp. 41-2631 as a component part of the Private Club Act, and forbade therein the enactment of any ordinance conflicting with the act, it did not include a pre-emptive provision. We cannot view the omission as unintentional. The legislature was perfectly aware of the method by which it could have vested exclusive control and regulation of liquor consumption in the state had it so intended, as is evidenced by its inclusion of the pre-emptive provision contained in K. S. A. 41-208." (p. 735.)

Appellant makes the further argument, twice rejected by this court, that the enactment of the state's criminal code preempts cities from enacting ordinances defining and penalizing criminal conduct (see dissents in *City of Junction City v. Lee,* supra; *City of Lyons v. Suttle,* 209 Kan. 735, 498 P. 2d 9). Reliance is placed on K. S. A. 21-3102(1) which provides:

"No conduct constitutes a crime against the state of Kansas unless it is made criminal in this code or in another statute of this state. . . ."

In *Lee* we pointed out this statute is simply a codification of prior case law holding there are no common law crimes in Kansas; further that several sections of our criminal code explicitly recognize prosecutions in municipal or police court. We adhere to the rulings in *Lee* and *Suttle.*

Thus the fact the state has enacted legislation on a subject does not necessarily deprive a city of the power to deal with the same subject by ordinance; a field can be the subject of concurrent concern and legislation. A municipality may legislate on the same subject so long as the municipal ordinance does not conflict with the state law (*City of Junction City v. Lee,* supra; *City of Garden City v. Miller,* 181 Kan. 360, 311 P. 2d 306).

In *Leavenworth Club Owners Assn. v. Atchison,* supra, the issue was the validity of a city ordinance requiring private clubs to close at 1:30 a. m. We held no conflict existed between the ordinance and K. S. A. 41-2614 and said:

"Where a municipal ordinance merely enlarges on the provisions of a statute by requiring more than is required by the statute, there is no conflict between the two unless the legislature has limited the requirements for all cases to its own prescription." (Syl. para. 3.)

Appellant makes two arguments against application of the rules laid down in *Leavenworth* and *Blue Star.* First, it says the ordinance here is distinguishable from those in the two cases in ways fatal to its validity. It points out the ordinance in *Leavenworth* regulated only hours of consumption and that in *Blue Star* simply required members of the club and of the public to remain off the premises during certain hours, while here the ordinance not only regulates hours of consumption but also prescribes times when a club may not permit any person to be on the premises. The argument is the ordinance must stand or fall as a unit; the latter part invalidates the whole because it is in conflict with the right of any peace officer or an agent of the director of alcoholic beverage control to enter the premises of a private club pursuant to K. S. A. 41-2613, and the right and duty of a fireman to enter the premises to put out a fire; that if a club permitted such entry it would be in violation of the ordinance and to do otherwise it violates state law.

Although the ordinance here does go somewhat beyond those in the two cases we think appellant's posed dilemma strains its language and purpose. Even the most technical reading of the ordinance does not permit the conclusion that appellant will be subjected to criminal penalties for permitting a policeman, ABC agent or other public official to be on the premises during the forbidden hours while such persons are in performance of official duty. We see no substantial difference between the ordinance in *Blue Star* and that part here making it unlawful for a club to permit anyone to remain inside the club during certain hours. The

purposes and results are substantially the same. As noted by the trial court, in enacting the ordinance the city was doubtless aware of and concerned with the problems of enforcement officers in ascertaining whether or not liquor is being served or consumed during certain hours and determining who is legitimately entitled to be on the premises during the time drinks are not to be served or consumed.

Secondly, appellant urges *Leavenworth* and *Blue Star* should be overruled. Nothing beyond the contentions already mentioned is advanced in support of this position and we are unaware of any sound reason for departure from their holdings. Generally, since the advent of home rule (Kan. Const., Art. 12, Sec. 5), a city has the right to determine its local affairs and government by ordinance passed by its governing body, subject only to constitutional and statutory inhibitions. There being no such impediment here the city's action must be upheld.

The judgment is affirmed.

APPROVED BY THE COURT.

SCHROEDER and KAUL, JJ., dissent.