The Honorable Robert Grant State Representative, 2nd District R.R. 1, Box 63A Cherokee, Kansas 66724
Dear Representative Grant:
As representative for the second district you request our opinion regarding the validity of a county resolution prohibiting anyone under the age of twenty-one from entering into establishments which sell intoxicating beverages. Your concern is that this resolution may illegally supersede the state law and therefore may be invalid. The provisions of this resolution in question, No. 93-143, include:
 "Section 1. It shall be unlawful for any licensee or permit holder, or any owner, officer or employee therof, to knowingly or unknowingly permit any minor into or upon the premises where alcoholic liquor or cereal malt beverages are sold for consumption on premises by such licensee or permit holder. . . .
 "Section 2. It shall be unlawful for any minor to enter into or remain upon any premises where alcoholic liquor or cereal malt beverage are sold for consumption on premises. . . ."
The resolution uses K.S.A. 1992 Supp. 41-102 to define "minor" as any person under the age of twenty-one. Therefore, any person who is under the age of twenty-one is not permitted upon the premises where alcoholic liquor or cereal malt beverages are sold for consumption. However, exceptions are provided for minors accompanied by a parent or legal guardian and for restaurants and establishments used primarily as bowling alleys or golf courses.
K.S.A. 1992 Supp. 41-2704(a) empowers the board of county commissioners of any county to prescribe "standards of conduct and rules and regulations concerning the moral, sanitary, and health conditions of the places licensed." Crawford county's resolution indicates that in order to protect and preserve the "public health and welfare", minors shall not be allowed in bars. The resolution should fall within the statutory language of K.S.A. 1992 Supp. 41-2704(a).
In Attorney General Opinion No. 79-261, this office concluded that a city may, by local ordinance, exclude minors from the premises of establishments licensed to sell cereal malt beverages. The opinion further explained that city and county commissions have power to enact ordinances beyond the scope that the legislature provided. This conclusion was based on the Kansas Supreme Court decisions of LeavenworthClub Owners Association v. Atchison, 208 Kan. 318 (1971) and GartenEnterprises, Inc. v. City of Kansas City, 219 Kan. 620 (1976).
 "`The fact the state has enacted legislation on a subject does not necessarily deprive a city of the power to deal with the same subject by ordinance; a field can be the subject of concurrent concern and legislation. A municipality may legislate on the same subject so long as the municipal ordinance does not conflict with state law.' 219 Kan. at 620, Syl. para. 6." Attorney General Opinion No. 79-261.
Local government may exercise its police power to protect and preserve health, safety, and general welfare of the public. Local regulatory legislation is a special area of law governed by different rules than home rule; "its origins precede both Article 12, sec. 5 of the Kansas Constitution and K.S.A. 19-101a." Blevins v. Hiebert, 247 Kan. 1, 5
(1990). Blevins concluded that "a municipality has the right to legislate by ordinary ordinance or resolution non-conflicting local police power laws even though there are state laws on the subject uniformily applicable to all municipalities." 247 Kan. at 8.
While the Kansas minimum drinking age laws have changed since Attorney General Opinion No. 79-261, the conclusion was reaffirmed in 1986 by Attorney General Opinion No. 86-23 which stated "the principles that are enunciated in that opinion [79-261] would apply equally to a city or county ordinance that would ban all young people under the age of 21 from taverns. . . ." Attorney General Opinion No. 86-23.
Crawford county's resolution is not in conflict with the state law dealing with the minimum drinking age. Conflict is when local law prohibits what the state law permits and vice versa. In Blevins, the court analyzed Blue Star Supper Club, Inc. v. City of Witchita,208 Kan. 731 (1972), and found "no conflict where a city regulation was simply more strict than the provisions of the Private Club Act."247 Kan. at 7. Therefore, additional restrictions of prohibiting the minors from entering a bar is not in conflict with current state statutes.
Neither is the area encompassed by the resolution pre-empted by state law. K.S.A. 41-208 provides:
 "The power to regulate all phases of the control of the manufacture, distribution, sale, possession, transportation and traffic in alcoholic liquor and the manufacture of beer regardless of its alcoholic content, except as specifically delegated in this act, is hereby vested exclusively in the state and shall be exercised as provided in this act. No city shall enact any ordinance in conflict with or contrary to the provisions of this act and any ordinance of any city in effect at the time this act takes effect or thereafter enacted which is in conflict with or contrary to the provisions of this act shall be null and void. Nothing contained in this section shall be construed as preventing any city from enacting ordinances declaring acts prohibited or made unlawful by this act as unlawful or prohibited in such city and prescribing penalties for violation thereof, but the minimum penalty in any such ordinance shall not exceed the minimum penalty prescribed by this act for the same violation, nor shall the maximum penalty in any such ordinance exceed the maximum penalty prescribed by this act for the same violation."
In Blue Star, the court recongnized this statute to only vest exclusive power in the state to regulate and control the traffic in alcoholic liquor and the manufacture of beer. 208 Kan. at 734. Blue Star concluded that the regulation of consumption of alcoholic liquor is not an area exclusively reserved by the state because it was not expressly included in the preemptive provission. City ordinance setting hours for closing private clubs was held not in conflict with the language of this statute.Blue Star, 208 Kan. at 733. The court viewed this ommison as intentional and concluded the legislature was "perfectly aware of the method by which it could have vested exclusive control." 208 Kan. at 735. Similarly, in our situation, the K.S.A. 41-208 pre-emptive clause does not include resolutions prohibiting persons under a certain age to enter a bar. Further, we find no pre-emptive clause of any kind within the cereal malt beverage act (K.S.A. 1992 Supp. 41-2701 et seq.) City of Lyons v.Suttle, 209 Kan. 735, 738 (1972).
In conclusion, a resolution passed by the board of Crawford county commissioners prohibiting persons under the age of twenty-one from entering into those establishments which sell intoxicating beverages is a valid exercise of the county's authority. The board of county commissioners has authority to enact regulations concerning the moral, sanitary, and health conditions of licensed establishments. The board of county commissioners may use its inherent police power to impose the resolution since it is not in conflict with or pre-empted by the state law.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas