Dan Riley Assistant Attorney General Alcoholic Beverage Control 512 S.W. 6th, 2nd Floor Topeka, Kansas 66603-3150
Dear Mr. Riley:
On behalf of the director of the division of alcoholic beverage control (ABC) in the department of revenue, you request our opinion regarding the authority of a city to "adopt and enforce it's own body of ordinances directly impacting establishments licensed by the Alcoholic Beverage Control Division." You are particularly concerned about a city's ability to require procurement of a city license in addition to the license issued by the ABC.
The Kansas Supreme Court's most recent decision analyzing the legislative authority of cities and counties is Blevins v. Heibert,247 Kan. 1 (1990). The Court held that a city may enact ordinary ordinances under its police power for the health, safety and general welfare of the public as long as state law does not preempt the field and the ordinances do not conflict with state law. 247 Kan. at 8. This power exists even where there are state laws on the subject uniformly applicable to all cities. Id. In the case of the liquor control act, the Court has held that the legislature has preempted the field by means of the language in K.S.A. 41-208. Garten Enterprises, Inc. v. City ofKansas City, 219 Kan. 620, 624 (1976); Blue Star Supper Club, Inc. v.City of Wichita, 208 Kan. 731, 733 (1972). In contrast, the language of K.S.A. 41-2631 in the club and drinking establishment act was held to not be preemptive. Garten Enterprises, supra; Blue Star Supper Club, 208 at 735. Thus, police power ordinances may not be enacted to deal with subjects under the liquor control act, but a city may enact non-conflicting police power ordinances to deal with subjects under the club and drinking establishment act. Id.
The Court has held that an ordinance does not conflict with state law merely by going further or being more restrictive than the statutes, but conflicts only if it is counter to the statutes, i.e. if it forbids what the other permits or allows what the other prohibits. City of JunctionCity v. Lee, 216 Kan. 495, 502-503 (1975). In our opinion, an ordinance requiring licensure by the city for a club or drinking establishment to operate would be in conflict with the state licensing requirements. If the state finds that the entity meets the requirements for licensure and thus issues a license to that entity, the entity is permitted to operate unless and until the state takes action on the license. K.S.A. 1992 Supp. 41-2605; 41-2637; 41-2641; 41-2642. The city may not by police power ordinance preclude the entity from operating by denying a city license. Attorney General Opinion No. 91-91. The city may, however, regulate the operation of the club or drinking establishment with police power ordinances that do not conflict, but are more restrictive than state law. See Leavenworth Club Owners Assn. v. Atchison, 208 Kan. 318
(1971); Garten Enterprises, supra.
Additionally, cities have home rule powers in non-police power areas. Kan. Const., art. 12, sec. 5. Cities may, by charter ordinance, enact even conflicting provisions if the state law dealing with the area is non-uniform. This is true notwithstanding any preemptive language in the statutes. Blevins, 247 Kan. at 8-9; Moore v. City of Lawrence,232 Kan. 353 (1982). In our opinion, the club and drinking establishment act, in both its current and original forms, is uniform and therefore not subject to home rule. Attorney General Opinion No. 91-91. While certain of the act's provisions were enacted in 1987 as a part of House Substitute for Substitute for Senate Bill No. 141 (L. 1987, ch. 182) which contained non-uniform provisions, the provisions were specifically made a part of and supplemental to the Kansas club and drinking establishment act by section 95 of the bill (codified at K.S.A. 1992 Supp. 41-2649), contrary to the circumstances in City of Junction Cityv. Griffin, 227 Kan. 332, 335 (1980). It was not just the revisor of statutes placement of the statutes, but the legislature's specific directive that made these provisions a part of a specific act.
While the club and drinking establishment act remains uniform and not subject to home rule, the liquor control act contains non-uniform provisions. K.S.A. 41-301 and 41-302, both part of the original enactment (L. 1949, ch. 242, secs. 17, 18) contain provisions that are not uniform for all cities. Also, K.S.A. 1992 Supp. 41-719(c) is non-uniform. Thus, in our opinion, the liquor control act conflicting charter ordinances.
In conclusion, cities may exercise police power to enact non-conflicting ordinary ordinances to deal with health, safety and welfare issues under the Kansas club and drinking establishment act. Because that act is uniform, however, cities may not enact conflicting charter ordinances. By contrast, cities may not adopt police power ordinances under the liquor control act, but may enact charter ordinances, whether or not conflicting, to deal with issues falling under the liquor control act.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm