Theresa Marcel Nuckolls Douglas County Counselor Riling, Burkhead Nitcher 808 Massachusetts Street Post Office Box B Lawrence, Kansas 66044-8996
Dear Ms. Nuckolls:
As Douglas County Counselor, you request our opinion regarding the constitutionality of 1997 House Bill No. 2055 (H.B. 2055), which addresses the topics of real estate, transfers on death and release of mortgages. More specifically, you ask whether the bill addresses multiple subjects, in violation of Section 16 of Article2 of the Constitution of the State of Kansas which prohibits a bill from containing more than one subject.
You also inquire whether, if we are of the opinion that H.B. 2055 does violate Article 2, Section 16, a county register of deeds should or may accept transfer on death (TOD) deeds for filing, whether a TOD deed will validly convey real property if the procedures followed are according to the terms of H. B. 2055, and whether Section 8 of 1997 H. B. 2055, which provides for release of certain mortgages, may be legally given full effect.
Your letter further requests that if, in the alternative, it is our opinion that 1997 H.B. 2055 does not violate Article 2, Section 16 of the Kansas Constitution, we offer our advice on how local registers of deeds should or may implement applicable provisions and how real property interests may in fact be impacted by the provisions of this bill.
In questions concerning the constitutionality of an act of the Legislature, it is a well established principle that the constitutionality of the statute is presumed and all doubts will be resolved in favor of its validity and that it is the duty of the courts to uphold the statute, rather than to defeat it, if there is any reasonable way to construe the statute as constitutionally valid. Unified School District No. 229v. State, 256 Kan. 232, 237 (1994).
Article 2, Section 16 of the Kansas Constitution states:
 "No bill shall contain more than one subject, except appropriation bills and bills for revision or codification of statutes. The subject of each bill shall be expressed in its title. . . . The provisions of this section shall be liberally construed to effectuate the acts of the legislature."
In Garten Enterprises, Inc. v. City of Kansas City,219 Kan. 620, 622 (1976) the Court defined the purpose of this constitutional provision as:
 "[T]he prevention of a matter of legislative merit from being tied to an unworthy matter, the prevention of hodge-podge or log-rolling legislation, the prevention of surreptitious legislation, and the lessening of improper influences which may result from intermixing objects of legislation in the same act which have no relation to each other."
Section 16 of Article 2 has been interpreted and applied many times by the Kansas appellate courts. Quoting State ex rel Stephan v. Thiessen, 228 Kan. 136
(1980), the Kansas Supreme Court in State v. Reves,233 Kan. 972, 977 (1983) set forth the manner in which Article 2, Section 16 shall be construed.
 "In order to correctly interpret that provision of § 16, article 2 of the constitution, which provides that `No bill shall contain more than one subject, which shall be clearly expressed in its title,' its object must be taken into consideration; and the provision must not be construed or enforced in any narrow or technical spirit, but must be construed liberally on the one side, so as to guard against the abuse intended to be prevented by it, and liberally on the other side, so as not to embarrass or obstruct needed legislation.
 "Under this provision of the constitution, the title of an act may be as broad and comprehensive as the legislature may choose to make it; or it may be as narrow and restricted as the legislature may choose to make it. It may be so broad and comprehensive as to include innumerable minor subjects, provided all these minor subjects are capable of being so combined and united as to form only one grand and comprehensive subject; or it may be so narrow and restricted as to include only the smallest and minutest subject.
 "And while the title to an act may include more than one subject, provided all can be so united and combined as to form only one single, entire, but more extended subject; yet, neither the title to the act nor the act itself can contain more than one subject, unless all the subjects which it contains can be so united and combined as to form only one single subject.
. . . .
 "Where a section of an act is assailed as being in contravention of said provisions of § 16, article 2 of the constitution, it is sufficient if it is germane to the single subject expressed in the title and included therein, provided the act itself does not contain more than this single subject.
. . . .
"Where an act contains two separate and independent subjects, having no connection with each other, and the title to the act is broad enough to cover both, held, that probably, as a general rule, the act is unconstitutional and void." (Emphasis added).
The title of 1997 H.B. 2055 reads as follows:
 "An Act concerning real property; relating to the release of a mortgage or deed of trust relating to nonprobate transfers of real estate; amending section 1 of 1997 House Bill No. 2057 and repealing the existing section."
The legislature, by use of the phrase "An Act concerning real property" in the first clause of the title, establishes the bill under one broad subject. The subsequent clauses then establish the minor subjects contained under the "grand and comprehensive subject" of real property.
The purpose of 1997 H.B. 2055 is to allow an owner the means to transfer real estate to a designated beneficiary without the necessity of going through probate while, at the same time, allowing the owner to retain the freedom to control his own property. The bill is designed to permit this while protecting creditors of the owner and protecting people relying on the recorded title. Minutes, House Committee on Judiciary, March 13, 1997, att. 2.
The sections of the bill can be divided into two main categories. Sections 1-7 deal with matters directly related to the titling of real estate in TOD form. Section 8 deals with amending Section 1 of 1997 House Bill No. 2057 (H.B. 2057), which requires certain holders of mortgages or deeds of trust, in order to maintain their interest against real property, to file an affidavit of their claim with the register of deeds in the county where the property is located. Section 9 repeals Section 1 of H.B. 2057.
Each of the two categories independently relate to the broader topic of real property. TOD titling of real estate, because it transfers real property, has a clear and manifest relationship with the subject of real property. Recording and release of mortgages and deeds of trust also have such a relationship, because of their inherent nature of declaring a holder's interest in real property.
At first glance, the subject matter of Sections 1-7 might appear to be unrelated to the subject matter of Sections 8 and 9. However, Section 4(b) provides a clue to the importance and closeness of their connection to each other. This section provides that the grantee beneficiary of a transfer-on-death deed takes the record owner's interest in the real estate at the grantor's death subject to other existing interests in the property. In particular, the grantee takes subject to the mortgage or deed of trust on the property. Because the grantee takes subject to these interests, the importance of a recording of such an interest against the property is manifest. Hence, there appears to be an important and direct interconnection between these subjects, in addition to the respective independent relation of each to the broader topic of real property.
Based on the above analysis, it is our opinion that 1997 H.B. 2055 does not violate Article 2, Section 16 of the Kansas Constitution.
In relation to your second set of questions, since we do not consider 1997 H.B. 2055 to violate Article 2, Section 6 of the Kansas Constitution, we need not address these questions.
Your final question, seeking guidance on the way in which registers of deeds should implement the bill's provisions, is beyond the scope of an Attorney General opinion.
In conclusion, the provisions of 1997 House Bill No. 2055, dealing with transfer-on-death titling of real property and release of mortgage or deed of trust on real property, do not violate the constitutional provision against bills containing more than one subject.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Camille Nohe Assistant Attorney General
CJS:JLM:CN:jm