Thomas L. Toepfer Hays City Prosecutor 114 W. 11th Street Hays, Kansas 67601-0417
Dear Mr. Toepfer:
You request our opinion regarding whether a city may enforce an ordinary ordinance requiring individuals to produce two forms of identification to be admitted into or served liquor at any club or drinking establishment located in the city. Specifically you inquire whether K.S.A. 41-208 preempts the ability of a municipality to enact such ordinances, or whether this type of ordinance would conflict with K.S.A. 1997 Supp. 41-2615(c).
You advise that the City of Hays has enacted the following ordinances:
 "Prior to admittance to the licensed place of business, the licensee or designated manager shall be responsible to see that all persons provide valid identification verifying that they are at least 18 years of age for admittance and at least 21 years of age to be served any alcoholic liquor." City of Hays Ordinance No. 3239, Sec. 3-43(8).
 "Identification shall mean two forms of matching identification of which one shall be a current and valid driver's license with a picture or a State of Kansas validated identification with a picture." City of Hays Ordinance No. 3239, Sec. 3-30(14).
Article 12, Section 5 of the Constitution of the State of Kansas gives to cities the power to initiate legislation by ordinary ordinance without having to rely on enabling statutes. Claflin v. Walsh, 212 Kan. 1, 6-7
(1973). Ordinary ordinances should be permitted to stand unless an actual conflict exists between the ordinance and a statute, or unless the Legislature has preempted the field so as to preclude municipal action.Moore v. City of Lawrence, 232 Kan. 353, Syl. ¶ 4 (1982).
K.S.A. 41-208 provides that the power to regulate "all phases of the control of the manufacture, distribution, sale, possession, transportation and traffic in alcoholic liquor . . ., except as specifically delegated in this act," is vested exclusively in the state. The statute further prohibits enactment of any ordinances in conflict with or contrary to the provisions of the act of which K.S.A. 41-208 is a part. The Kansas Supreme Court has held that this statute pertains only to the traffic of alcoholic liquor and the manufacture of beer (areas governed by the Liquor Control Act), and does not apply to the regulation and control of consumption of alcoholic liquor (areas governed by the Club and Drinking Establishment Act). Garten Enterprises, Inc, v. Cityof Kansas City, 219 Kan. 620, 624 (1976); Blue Star Supper Club, Inc. v.City of Wichita, 208 Kan. 731, 733 (1972). Thus, K.S.A. 41-208 does not preempt the field in the area of alcohol consumption and has no application to the ordinances at issue. The Court has further held that the Legislature has not preempted the field in the area of consumption under the Club and Drinking Establishment Act. Id.
Absent preemption, we now address whether the ordinances in question conflict with state laws governing establishments that serve alcoholic liquor for consumption on the premises. K.S.A. 1997 Supp. 41-2615(c) establishes a defense to prosecution of a licensee for permitting the possession or consumption of alcoholic liquor by a minor if:
 "(1) The defendant permitted the minor to possess or consume the alcoholic liquor or cereal malt beverage with reasonable cause to believe that the minor was 21 or more years of age; and (2) to possess or consume the alcoholic liquor or cereal malt beverage, the minor exhibited to the defendant a driver's license, Kansas nondriver's identification card or other official or apparently official document, containing a photograph of the minor and purporting to establish that such minor was 21 or more years of age." See also K.S.A. 21-3610; 21-3610a; 41-346.
The Kansas Supreme Court has held that an ordinance does not conflict with state law merely by going further or being more restrictive than the statutes, but conflicts only if it is counter to the statutes by forbidding what the state law permits or allowing what state law prohibits. City of Junction City v. Lee, 216 Kan. 495 (1975).
 "A test frequently used to determine whether conflict in terms exists is whether the ordinance permits or licenses that which the statute forbids or prohibits that which the statute authorizes; if so, there is conflict, but where both an ordinance and the statute are prohibitory and the only difference is that the ordinance goes further in its prohibition but not counter to the prohibition in the statute, and the city does not attempt to authorize by the ordinance that which the legislature has forbidden, or forbid that which the legislature has expressly authorized, there is no conflict (citation omitted). This court has applied the foregoing principles. In City of Beloit v. Lamborn, 182 Kan. 288, 321 P.2d 177, it was held the mere fact that an ordinance provides for greater restrictions does not necessarily make it inconsistent or in conflict with the statute." Id., at 501.
In Blue Star Supper Club, supra, the Court held that a city ordinance requiring the premises of any club licensed under the provisions of K.S.A. 41-2601 et seq. (the Club and Drinking Establishment Act) to beclosed to members and to the public between the hours of 3 a.m. to 9 a.m. on weekdays and from 3 a.m. to 12 noon on Sundays did not conflict with the state law that prohibits serving and consumption of alcoholic liquor between the hours of 3 a.m. and 9 a.m. on weekdays and from 3 a.m. to 12 noon on Sundays. The Court found that the ordinance's closing hours did not interfere with the time limitations in the statute and that the two could "coexist with amity." Similarly, in Leavenworth ClubOwners Assn. v. Atchison, 208 Kan. 318, 320-323 (1971), the Court found that a city ordinance prohibiting the serving and consumption of alcoholic liquor after 1:30 a.m. did not conflict with the statutory 3 a.m. provision, adopting the position that ordinances that enlarge upon, or go further than, statutory provisions in the protection of public health, safety and welfare do not conflict with those statutory provisions "unless the Legislature has limited the requirements for all cases to its own prescription." See also Garten Enterprises, supra at 625; Clemons v. Wilson, 151 Kan. 250, 256 (1940).
The Court in City of Junction City v. Lee, supra, held that a city ordinance that prohibited carrying a dangerous weapon on one's person was not in conflict with state law that prohibited carrying such weapons only where the weapons were concealed or carried with intent to use unlawfully. In our opinion, the ordinances you question would be viewed by the Court in much the same way as the weapons ordinances analyzed in that case. The ordinances and the statutes prohibit the same thing-permitting consumption of or furnishing alcoholic liquor to minor. The ordinances merely go further in requiring additional proof of age. As such, they are not "in conflict with" the statutes providing a defense when only one piece of identification is shown. Further, the statutory defenses in K.S.A. 21-3610(d), 21-3610a(d), K.S.A. 1997 Supp. 41-346 and41-2615(c) cannot be used as a defense to a prosecution under the city ordinances because, by their terms, the statutory defenses apply only to prosecutions under the statutes of which they are a part.
In conclusion, K.S.A. 41-208 does not preempt the ability of a city to enact and enforce ordinary ordinances dealing with subjects governed by the Club and Drinking Establishment Act. An ordinance that requires production of two forms of identification establishing legal age for admittance and service of alcohol in a club or drinking establishment does not conflict with K.S.A. 1997 Supp. 41-2615(c).
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm