Robert H. Gale, Jr. Syracuse City Attorney Law Office of Gale Gale Attorneys 211 N. Main Street, P.O. Box 906 Syracuse, Kansas 67878
Dear Mr. Gale:
You inquire as to the fate of the City of Syracuse's current charter ordinance allowing the retail sale of packaged alcoholic liquor on Memorial Day, Independence Day, and Labor Day [hereinafter referred to as summer holidays], in light of recent amendments to the Liquor Control Act.[1] If the ordinance is invalid, you inquire regarding the City's options in considering the retail sale of packaged alcoholic liquor and packaged cereal malt beverage on those summer holidays.
K.S.A. 41-712, as amended by L. 2005, Ch. 201, § 8, provides, in part:
 "From and after November 15, 2005 . . . within any city where the days of sale at retail of alcoholic liquor in the original package have not been expanded as provided by section 9 . . . no person shall sell at retail any alcoholic liquor in the original package: (1) on Sunday; (2) on Memorial Day, Independence Day, [or] Labor Day. . . or (3) before 9 a.m. or after 11 p.m. on any day when the sale is permitted. The governing body of any city by ordinance may require the closing of premises prior to 11 p.m. but such ordinance shall not require closing prior to 8 p.m."[2]
Section 9(b) provides, in part:
 "(b) (1) The governing body of any city may, by ordinance:
 "(A) Expand the days of sale at retail of cereal malt beverage in the original package to allow such sale within the city on any Sunday, except Easter, between the hours of 12 noon and 8 p.m. and expand the days of sale at retail of alcoholic liquor in the original package, if licensing of such sale of alcoholic liquor is authorized within the city, to allow such sale within the city on any Sunday, except Easter, between the hours of 12 noon and 8 p.m. and on Memorial Day, Independence Day and Labor Day; or
 "(B) restrict the days of sale at retail of cereal malt beverage in the original package to prohibit such sale within the city on Sunday and restrict the days of sale at retail of alcoholic liquor in the original package, if licensing of such sale of alcoholic liquor is authorized within the city, to prohibit such sale within the city on Sunday, Memorial Day, Independence Day and Labor Day.
 "[I]f, within 60 days following publication of the ordinance, a petition requesting that a proposition be submitted for approval by the voters is filed in accordance with subsection (b)(2), such ordinance shall not become effective until a proposition is submitted to and approved at an election as provided by this subsection (b).
 "(2) A petition to submit a proposition to the qualified voters of a city pursuant to this subsection (b) shall be filed with the county election officer. [T]he appropriate version of the following shall appear on the petition:
. . . .
 "(B) If licensing of sale at retail of alcoholic liquor is authorized within the city, the petition shall read: `We request an election to determine whether sale at retail of cereal malt beverage in the original package shall be (allowed on any Sunday, except Easter, between the hours of 12 noon and 8 p.m.) (prohibited on Sunday) within the city of __________ and whether sale at retail of alcoholic liquor in the original package shall be (allowed on any Sunday, except Easter, between the hours of 12 noon and 8 p.m. and on Memorial Day, Independence Day and Labor Day) (prohibited on Sunday, Memorial Day, Independence Day and Labor Day) within the city of __________.'
 "(3) Upon submission of a valid petition calling for an election pursuant to this subsection (b), the city governing body shall call a special election . . . [T]hereupon, the county election officer shall cause the appropriate version of the following proposition to be placed on the ballot in the city at such election:
. . . .
 "(B) [I]f licensing of sale at retail of alcoholic liquor is authorized within the city, the following proposition shall be placed on the ballot: `Within the city of _________ shall sale at retail of cereal malt beverage in the original package be (allowed on any Sunday, except Easter, between the hours of 12 noon and 8 p.m.) (prohibited on Sunday) and shall the sale at retail of alcoholic liquor in the original package be (allowed on any Sunday, except Easter, between the hours of 12 noon and 8 p.m. and on Memorial Day, Independence Day and Labor Day) (prohibited on Sunday, Memorial Day, Independence Day and Labor Day)?'"[3]
Our understanding is that the City has not enacted an ordinary ordinance pursuant to Section 9. Therefore, in accordance with the above-quoted provisions, as of November 15, 2005, the City's charter ordinance allowing the sale of packaged alcoholic liquor on summer holidays is invalid.[4]
You inquire whether the City may enact an ordinary ordinance allowing the retail sale of packaged alcoholic liquor on summer holidays without also allowing packaged alcoholic liquor sales and packaged cereal malt beverage (CMB) sales on Sundays.
Section 8 prohibits summer holiday sales of packaged alcoholic liquor unless the days of sale are expanded pursuant to Section 9. Section 9(b)(1)(A) authorizes cities, subject to protest and referendum, to expand the days of sale to any Sunday[5] for packaged CMB and packaged alcoholic liquor and on summer holidays for packaged alcoholic liquor.[6] Conversely, Section 9(b)(1)(B) authorizes cities to prohibit retail sales of packaged CMB and packaged alcoholic liquor on Sundays and prohibit summer holiday sales of packaged alcoholic liquor.
This interpretation is supported by the legislative history of 2005 Senate Bill No. 298 (S.B. 298), the bill resulting in Chapter 201 of the 2005 Session Laws. When S.B. 298 was introduced, at least 14 cities allowed both Sunday and summer holiday sales of packaged alcoholic liquor by virtue of having chartered out of the Liquor Control Act's prohibition of such sales.[7] S.B. 298 initially prohibited the sale of packaged alcoholic liquor on both Sunday and summer holidays but gave cities the option of adopting an ordinance allowing only Sunday sales of packaged alcoholic liquor, CMB, or both.[8]
Summer holiday sales of packaged alcoholic liquor would have been prohibited.
When the bill reached the Senate, the Act was amended to allow both Sunday and summer holiday sales unless a city adopted an ordinance prohibiting "such sales on Sunday, Memorial Day, Independence Day and Labor Day." In short, Sunday and summer holiday sales appeared to be a packaged deal. This way, under this version of the bill, the 14 cities that had already acted to allow both Sunday and summer holiday sales of alcoholic liquor could continue to do so unless they took action to prohibit both.[9]
When the bill reached the House Committee on Federal State Affairs, the tenor changed from allowing cities to opt out of Sunday/summer holiday sales to requiring cities to "opt in" by taking affirmative action to adopt ordinances specifically authorizing Sunday[10] and summer holiday sales. Otherwise, charter ordinances allowing such sales would be invalid after a certain date.[11] The current language in Chapter 201 of the 2005 Session Laws is almost identical to these House amendments.
It is our opinion that the legislative history and the plain language of Section 8(a) and Section 9(b)(1) prohibit summer holiday sales of packaged alcoholic liquor unless an ordinance is enacted allowing Sunday sales for packaged alcoholic liquor and packaged CMB.[12]
Before we leave this issue, we are mindful of the argument that a city can enact a more restrictive ordinance than a statute without the ordinance being considered in conflict with the statute.[13] Thus, the question is whether an ordinance authorizing summer holiday sales of packaged alcoholic liquor without also allowing Sunday sales is appropriate because such an ordinance, while more restrictive, does not conflict with the Act.
Section 2 of L. 2005, Ch. 201 provides, in part:
 "(a) Except as specifically provided in the Kansas liquor control act, the power to regulate all phases of the . . . sale . . . in alcoholic liquor . . . is vested exclusively in the state and shall be exercised as provided in the Kansas liquor control act. No city . . . shall enact any ordinance . . . which is in conflict with the provisions of the Kansas liquor control act and any such ordinance . . . shall be null and void."[14]
Whether or not cities could enact ordinances that were more restrictive than or supplemental to the Liquor Control Act was a topic of debate during the various hearings on S.B. 298. In the original Senate bill, cities could enact non-conflicting provisions but were specifically precluded from enacting local legislation that was more restrictive or supplemental to the Act.[15] When the bill reached the Senate, Senator Barnett successfully moved to amend the bill to allow cities to enact more restrictive provisions.[16] However, the House Federal State Affairs Committee undid Senator Barnett's handiwork when it struck "all other provisions which explicitly allow cities and counties to adopt further regulations more restrictive than or supplemental to the Liquor Control Act or Cereal Malt Beverage Act."[17]
Thus, we are left with the above-referenced provision which has been part of the Act since 1949 allowing cities to enact non-conflicting ordinances.[18] Kansas appellate court decisions examining city home rule and police power have held that no conflict is created when an ordinance is more restrictive or demanding than a statute.[19] In City of Junction Cityv. Lee,[20] the issue was whether there was a conflict between an ordinance criminalizing the carrying of a knife or firearm and a statute making such activity criminal only if the carrying was concealed. In effect, the ordinance was more restrictive or stringent than the prohibitory statute. The Court found no conflict:
"A test frequently used to determine whether conflict in terms exists is whether the ordinance permits or licenses that which the statute forbids or prohibits that which the statute authorizes; if so, there is conflict, but where both anordinance and the statute are prohibitory and the only differenceis that the ordinance goes further in its prohibition but notcounter to the prohibition in the statute, and the city does notattempt to authorize by the ordinance that which thelegislature has forbidden, or forbid that which the legislature has expressly authorized, there is no conflict. This court has applied the foregoing principles. In City of Beloit v. Lamborn,
it was held the mere fact that an ordinance provides for greater restrictions does not necessarily make it inconsistent or in conflict with the statute."[21]
While one could argue that an ordinance authorizing summer holiday sales of packaged alcoholic liquor without also allowing Sunday sales is simply more restrictive than the Act and, thus allowable, it is our opinion that doing so would conflict with Sections 8 and 9(b)(1),[22] which prohibit summer holiday sales of packaged alcoholic liquor unless Sunday[23]
sales are allowed for packaged alcoholic liquor and packaged CMB. An ordinance allowing summer holiday sales without also authorizing Sunday sales fails the "conflict" test because it is not a "prohibitory ordinance" that simply goes further than a prohibitory statute. Rather, such an ordinance would attempt to authorize that which the Legislature has forbidden, i.e.,
summer holiday sales without Sunday sales.
Your final question is whether the City may restrict the hours of operation on Sundays for packaged alcoholic liquor and packaged CMB. The 2005 amendments allow Sunday sales only between the hours of noon and 8 p.m.[24]
During discussion in the House Federal State Affairs Committee regarding whether the Senate amendment allowing cities to enact more restrictive legislation should be removed, the consensus was to remove the amendment so that the Liquor Control Act would be consistent with the Club and Drinking Establishment Act (Club Act).[25] Like the Liquor Control Act, the Club Act[26] also contains a provision prohibiting cities from enacting ordinances that conflict.[27] Kansas appellate court decisions have addressed ordinances requiring more restrictive closing hours than those required in the Club Act. In a case involving an ordinance that was more restrictive than a statute regarding the hours in which alcohol could be served in a private club,[28] the Kansas Supreme Court rebuffed private club owners' argument that the statute conferred a right to serve liquor until 3 a.m.[29] The Court concluded that an ordinance is not necessarily inconsistent with a state law on the same subject simply because the city provides for greater restrictions or makes higher standards than is provided in the statute.[30]
We believe that the same rationale applies to an ordinance limiting hours of operation on Sundays. The 2005 amendments to the Liquor Control Act allow Sunday sales only between the hours of noon and 8 p.m. Therefore, an ordinance further restricting the hours of operation will not conflict with the Act.
This conclusion is also supported by the Cereal Malt Beverage (CMB) Act,[31] which has always allowed cities to "prescribe hours of closing."[32] New section 12(b) of L. 2005, Ch. 201 now authorizes a city to enact ordinances not in conflict with the CMB Act. If a city expands the days of sale for packaged alcoholic liquor and packaged CMB to allow Sunday sales, the CMB Act provides that "no person shall sell at retail cereal malt beverage . . . in the original package before 12 noon after 8 p.m. on Sunday."[33]
Given a city's authority to enact ordinances dictating closing hours that do not conflict with the CMB Act, it is our opinion that an ordinance further restricting Sunday sale hours for packaged CMB does not conflict with the CMB Act.
Summarizing, a city must adopt an ordinary ordinance in accordance with the provisions of Section 9 of L. 2005, Ch. 201
in order to continue in effect the provisions of a charter ordinance adopted prior to November 15, 2005 that expanded the days of sale at retail of alcoholic liquor to include Sundays and/or Memorial Day, Independence Day, and Labor Day. A city cannot enact an ordinary ordinance authorizing the retail sale of packaged alcoholic liquor on Memorial Day, Independence Day, and Labor Day without also allowing such sales on Sunday, except Easter. A city may, however, further restrict the hours of operation on Sunday for the retail sale of packaged alcoholic liquor and packaged cereal malt beverage.
Sincerely,
Phill Kline, Attorney General
Mary Feighny, Assistant Attorney General
PK:JLM:MF:jm
[1] L. 2005, Ch. 201.
[2] Emphasis added.
[3] Emphasis added.
[4] L. 2005, Ch. 201, § 8.
[5] Except Easter.
[6] The Cereal Malt Beverage Act, K.S.A. 41-2701 et seq.,
does not prohibit summer holiday sales of packaged CMB.
[7] Minutes, Senate Federal State Affairs, March 22, 2005, Attachment 7.
[8] 2005 S.B. 298, §§ 8, 9, 13, as considered by the Senate Committee on Federal State Affairs.
[9] New Sec. 9, as amended by the Senate Committee of the Whole ("(a) [t]he governing body of any city may adopt an ordinance . . . to restrict the hours and days of sale at retail of alcoholic liquor or cereal malt beverage, or both, in the original package by prohibiting such sales on Sunday, Memorial Day, Independence Day and Labor Day").
[10] Excluding Easter and only between the hours of noon and 8 p.m. "Section 8, as amended by the House Committee on Federal 
State Affairs: [W]ithin any city where the days of sale . . . of alcoholic liquor . . . have not been expanded as provided by Section 9 . . . no person shall sell . . . (1) On Sunday; (2) on Memorial Day, Independence Day, Labor Day." Section 9(b)(1) provides, in part: "The . . . city may, by ordinance . . . expand the days of sale . . . of cereal malt beverage . . . to allow such sale on any Sunday . . . and expand the days of sale . . . of alcoholic liquor . . . to allow such sale . . . on any Sunday . . . and on Memorial Day, Independence Day, and Labor Day. . . ."
[11] November 8, 2006, which was later changed to the current November 15, 2005. 2005 S.B. 298, § 8, as amended by the House Committee on Federal State Affairs.
[12] The legislative history reveals an intent to treat CMB and liquor retailers similarly so that both could sell on Sundays.Minutes, Senate Federal State Affairs Committee, March 22, 2005, Attachment 2. A motion to amend S.B. 298 to limit Sunday sales only to alcoholic liquor failed. Minutes, House Federal 
State Affairs Committee, April 26, 2005.
[13] Junction City v. Lee, 216 Kan. 495 (1975).
[14] Emphasis added.
[15] 2005 S.B. 298 § 2(c) as considered by the Senate Federal 
State Affairs Committee. Minutes, Senate Federal State Affairs Committee, March 22, 2005, Attachment 9.
[16] Senate Journal at 402-403, March 24, 2005.
[17] Minutes, House Federal State Affairs Committee, April 26, 2005.
[18] K.S.A. 41-712, as amended by L. 2005, Ch. 201, § 2(a).
[19] David v. Board of Comm'r of Norton County, Kansas,277 Kan. 753 (2004).
[20] 216 Kan. 495 (1975).
[21] Id. at 501 (emphasis added, citations omitted).
[22] L. 2005, Ch. 201.
[23] Except Easter.
[24] L. 2005, Ch. 201, § 9(b)(1)(A) and § 13(c)(2). S.B. 298 retains prior (i.e. pre-Sunday sale) law providing that "any city, by ordinance, may require the closing of premises prior to 11 p.m., but such ordinance shall not require closing prior to 8 p.m." This amendment does not apply to Sunday sales hours because an ordinance establishing a closing time before 11 p.m. assumes that a premise can stay open until 11 p.m. This is not the case for Sunday sales because sales cannot occur after 8 p.m.
[25] Minutes, House Federal State Affairs Committee, April 26, 2005, Attachment 2.
[26] K.S.A. 41-2601 et seq.
[27] K.S.A. 41-2631.
[28] Leavenworth Club Owners Assn. v. Atchison, 208 Kan. 318
(1971).
[29] The ordinance required service to stop at 1:30 a.m.
[30] See Blue Star Supper Club, Inc. v. City of Wichita,208 Kan. 731 (1972) (no conflict between ordinance fixing 3 a.m. closing hour for private clubs and statute prohibiting serving or consuming alcohol in private clubs after 3 a.m.) See also,Garten Enterprises, Inc. v. Kansas City, Kansas, 219 Kan. 620
(1976) (no conflict between ordinance prohibiting serving/consuming alcohol in private clubs after 1:30 a.m. and statute prohibiting serving/consuming after 3 a.m.).
[31] K.S.A. 41-2701 et seq.
[32] K.S.A. 41-2704, as amended by L. 2005, Ch. 201, § 13(a).
[33] K.S.A. 41-2704, as amended by L. 2005, Ch. 201, § 13(c)(2).